## WISE *et al. v.* MITCHELL.

1. Where the owner of a tract of land made two conveyances thereof, dated respectively in 1878 and 1888, each conveyance resting upon a valuable consideration, and the senior conveyance was not recorded in time, and though afterwards recorded, this was not done until after the execution of the second conveyance, which latter was recorded in time, the title of those claiming under the senior conveyance depended, as to priority, upon whether the junior grantee took with notice of the prior unrecorded conveyance.

2. No error was committed in charging the jury or in admitting evidence. Upon the question of notice in the junior grantee there was a conflict of evidence; and there being sufficient evidence to support the verdict in his favor, the discretion of the trial judge in refusing a new trial will not be disturbed.

Argued February 19,—Decided March 22, 1897.

Ejectment. Before Judge Falligant. Bryan superior court. May term, 1896.

*Lester & Ravenel* and *A. C. Wright*, for plaintiffs.
*P. W. Williams* and *James K. Hines*, for defendants.

ATKINSON, Justice.

The plaintiffs brought an action of ejectment against
the defendant for certain described premises. It appeared
that both plaintiffs and defendant claimed from a common
grantor, the common grantor being the father of the plain-
tiffs. The plaintiffs rested their claim of title upon a deed
executed on March 2d, 1878, which conveyed to them the
premises in dispute, together with certain other real and
personal property therein described. This deed was re-
corded on November 7th, 1891. The deed under which
the defendant claimed was executed by the common
grantor on the 11th day of January, 1888, and was re-
corded on the 21st day of March, 1888. The real question
in the case turned upon whether the defendant, who
claimed under the junior deed, had notice, at the time he
took his title, of the execution of the outstanding senior
conveyance. Upon this question there was such a distress-
ing conflict of evidence that a finding either way could be
upheld. The jury found in favor of the defendant; and
the circuit judge having refused a new trial, we are not
disposed to interfere with his judgment in so far as it rests
upon a sufficiency of the evidence. It will be noted that these
conveyances were executed long anterior to the recent regis-
try acts. Prior to their passage it was well settled in Geor-
gia, that the holder of a junior deed taken in good faith
without notice of a former conveyance, and recorded within
twelve months from the date of its execution, would prevail
against an older unrecorded conveyance. The claims of
title of the contending parties in this case are referable
to, and are to be determined by, this well settled rule of
law; and the jury having found, under proper instructions
upon that subject, that the holder of the junior deed took
his title without notice of the outstanding senior convey-
ance, and recorded it within the time required by law, he is
entitled to prevail against a claim of title in the plaintiffs

resting upon a senior deed which was not recorded until thirteen years after its execution.

Complaint is made of certain rulings by the court during the progress of the trial, upon the introduction of evidence; but as these rulings relate to minor points having no direct bearing upon the real merits of the controversy, they would, even if erroneous, not be cause for the grant of a new trial. We do not mean to intimate that any error, with respect to these matters, was committed by the trial judge, but treat any alleged to have been committed as relating only to irrelevant matters which do not and ought not to affect the result upon the substantial merits of the case. The evidence, as we have stated before, was conflicting upon the pivotal question in the case, but was sufficient to support the verdict; and the trial judge having declined to interfere, we will not control his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*