ELTON HODGES, trustee, complainant, plaintiff in errror, vs. ASHLEY HOLIDAY et al., defendants in error.

[1.] The parties being at issue on a claim case, agreed to, and did submit to the Court, the questions of law arising out of the will and codicil of D. W., as to the interest of D. G. W., under the same, and whether such interest be subject to executions against said D. G. W.   The Court having decided such interest to be subject—

*Held*, That the claimant was concluded by such decision only as to the question submitted.

[2.] When a claim is interposed and returned to the Court for trial, the proper disposition of it is by a verdict of the jury, unless withdrawn or dismissed by the claimant.

Claim, in Burke Superior Court.   Before Judge HOLT, April Term, 1859.

These were claim cases, in which Holiday and others were plaintiffs in *fi. fas*, D. G. White, defendant, and Hodges,

claimant.    There were five executions levied on certain ne-
groes as the property of defendant White, and claims respec-
tively interposed.    When the cases were called for trial, it
was  ordered,  by agreement of  parties, that the questions of
law in the above  stated  cases, arising  out of the will and
codicil of Daniel White, as to the interest of Daniel G. White,
and whether such  interest be subject to  executions  against
the said Daniel G. White, be argued and decided in vacation,
if not argued and decided at this Term, with leave to either
party to except to the decision within the time prescribed by
law.    At the caption of this  order, the cases were stated as
" Ashley Holliday et al. vs. Daniel G. White."

Under said rule, after argument, in vacation, at November
Term, 1858, the presiding Judge made and delivered the fol-
lowing decision:  " That the testator  has by  said will and
codicil created a mere naked trust, a deposit of the legal title
in Henry White, for the use of Daniel G.  White, and the
law transferring the possession to the use, leaves the property
precisely as  it was by  the  will.    It is a trust executed, and
judgment must be for the plaintiff."

At May Term,  1859, the cases  were again called in their
order for trial;  whereupon, claimant  in  each of  said cases,
moved that an issue be  made up  and submitted to the jury.
Plaintiff in *fi. fa.* objected, and  moved  that said claim, in
each and all of  said  cases, under the decision aforesaid, be
dismissed.

The Court refused to  allow any further  proceedings and
dismissed said claims, the order of  dismissal, describing said
cases by  the  style of  " Samuel A.  Verdery,  and others."
To which  rulings, orders and judgments,  counsel for claim-
ant excepted.

The following is a copy of the codicil  to the will of Dan-
iel White, above referred to ;  viz :

"I, Daniel White, of said  county,  being  of sound mind
and memory, and desirous of  making a change of the man-
ner in which the property given to my  son Daniel G. White

is to vest, do declare, make and ordain this as a codicil to my will heretofore made by me.   From the incompetency of my son Daniel G. White, I direct, give, devise and bequeath, all the property given to him in my will, to my son Henry White, as trustee for said Daniel G. White."

It was likewise in proof that Hodges had been substituted trustee in lieu of Henry White.

McKenzie; and Shewmake, for plaintiff in error.

Millers & Jackson ; and Jones & Sturgis, *contra.*

*By the Court.*—Lyon J. delivering the opinion.

[1.] This agreement between the parties to submit the "questions of law arising out of the will and codicil of Daniel White, as to the interest of Daniel G. White, under said will and codicil, and whether such interest be subject to executions against the said Daniel G. White," was not one to submit all the questions of law and fact that might be involved in the issue formed, or to be formed, in these claim cases ; at least, such is not the letter of the agreement, and by that the Court must be governed, although we have no doubt, but that such was the intention of the parties.   Whether the executions were valid, subsisting and unpaid liens; whether the title to the property claimed is derived under the will, and others that might be mentioned, were all open questions that might have been involved in the trial, and which had not been submitted, upon which the Court had not passed, and upon which the claimant was entitled to be heard, notwithstanding, that under the will such title vested in the defendant in *fi. fa.,* as made the property subject to the executions levied.   We think, therefore, that the Court below erred in dismissing the claim cases.

[2.] The claims should have been submitted to the jury,

Hodges, trustee, vs. Holiday et al.

and if, on the trial, the claimant could show no other title to the property than such as was created in Daniel G. White by the will and codicil of Daniel White, or no other reason to defeat the liens of the execution than the question growing out of a construction of that will, in respect to this property, already decided by the Court, then the property is subject, and so the Court must direct the jury, and so they must find, for this is an adjudicated and settled question by the decision of the Court, on the submission of the same to him, from which no appeal was taken; and so the claimant is concluded by that decision; he cannot go behind it. Still the claimant having interposed the claim, has a right to go to the jury with them if he insists upon it, and will take the risk. This is the mode prescribed by law for the trial and disposition of all claims, and as claimant has not waived this right, that proceeding must be followed by the Court below, unless he voluntarily withdraws the claim, which he has a right to do, if he chooses, but that is a question for him, and not the Court. If he willfully keeps the claims in Court, after he has been judicially informed as to what the law is, and he has no other excuse for doing so but that; the law has prescribed a penalty in the shape of damages for the delay, which this Court considers altogether ample. So the case must go back with instructions.

Judgment reversed.