### JOHN M. COCHRAN & another *vs.* ELIZA C. GOODELL & another.

Worcester.    Oct. 6. — 20, 1881.   MORTON, LORD & ALLEN, JJ., absent.

Two mortgagees of land, holding several mortgages, given at the same time to secure several obligations, are tenants in common, and may join in a writ of entry to foreclose their mortgages under the Gen. Sts. *c.* 140, § 8.

A second mortgagee may maintain a writ of entry to foreclose against the first mortgagee and owner of the equity of redemption.

A sale on execution of part only of the lands included in one mortgage passes no title.

WRIT OF ENTRY, under the Gen. Sts. *c.* 140, § 8, by John M. Cochran and Daniel M. Chamberlain, against Eliza C. Goodell and Lorenzo Plimpton, to foreclose separate mortgages held by the plaintiffs upon certain land in Southbridge. The defendant Goodell made no answer, and was defaulted; and the defendant Plimpton pleaded *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon an agreed statement of facts, in substance as follows :

On March 18, 1864, Goodell purchased a parcel of land in Southbridge, and on June 1, 1874, purchased another parcel adjoining, the latter being the demanded premises. On March 20, 1874, she gave a mortgage of the first parcel to the Southbridge Savings Bank to secure her note of $600, for money borrowed by her of the bank; and, on August 22, 1876, she gave to the bank a second mortgage covering both parcels of land, to secure her note of $400, for money borrowed of the bank. Both of these mortgages were duly recorded. On May 16, 1877, Andrew M. Chamberlain, in an action in the name of Daniel M. Chamberlain, attached all the real estate of Goodell, which action was duly entered in court. On October 29, 1877, the defendant Plimpton attached all the real estate of Goodell in an action against her, which was also duly entered in court. On February 21, 1879, Plimpton obtained judgment in his action against Goodell, upon which execution issued, dated March 7, 1879, which was placed in the hands of an officer for service. On March 26, 1879, Chamberlain obtained judgment in his action

against Goodell, upon which execution issued, dated April 24, 1879, which was placed in the hands of the same officer for service. The officer afterwards levied the executions upon said land and advertised the defendant Goodell's right to redeem certain real estate (being the same described in the second mortgage to the Southbridge Savings Bank). His return stated that he had seized all the right in equity that the defendant Goodell had " in a certain mortgaged real estate in Southbridge, being the same estate or a part thereof that is described " in the said second mortgage. The officer's deed to the defendant Plimpton purported to convey to him the right to redeem a certain tract of pasture land, describing it by reference to another deed, and being the land demanded in this action.

On May 7, 1879, Goodell gave to each of the plaintiffs a separate mortgage to secure her several obligation to each of them, which they seek to foreclose in this action. The plaintiffs were then acquainted with all the facts herein stated, the plaintiff Cochran being the attorney of Goodell and of the plaintiff Chamberlain. After the sales by the officer, he executed deeds of the premises to Plimpton, who was the purchaser of all the real estate sold, which were duly recorded. On June 29, 1879, Plimpton paid the Southbridge Savings Bank the amount then due on its mortgages, and now holds the mortgages and notes secured thereby. After the delivery of the deeds to him, Plimpton entered into possession of the premises, which he now holds, claiming the same by virtue of all the rights acquired as above stated. Prior to this action, Goodell made default in the payment of the sums secured by the mortgages to the plaintiffs, and they are entitled to possession, unless Plimpton is entitled to possession under the facts herein stated.

*F. P. Goulding & J. M. Cochran,* for the plaintiffs.

*A. J. Bartholomew,* for the defendant.

GRAY, C. J. The objection of misjoinder of the plaintiffs cannot prevail. A writ of entry to foreclose a mortgage under the Gen. Sts. *c.* 140 differs from an ordinary writ of entry, and is in the nature of a bill in equity, and governed by the same rules as to parties and relief. *Webster* v. *Vandeventer,* 6 Gray, 428. *Holbrook* v. *Bliss,* 9 Allen, 69. The two mortgages from

the defendant Goodell to the plaintiffs severally, to secure several obligations, having been given at the same time, the two mortgagees were tenants in common, and their rights were the same as if one mortgage had been made to both, to secure to each his separate debt. *Burnett* v. *Pratt*, 22 Pick. 556. *Howard* v. *Chase*, 104 Mass. 249. Either of them might have enforced his mortgage by separate suit, if necessary to secure his rights. *Burnett* v. *Pratt*, above cited. *Gilson* v. *Gilson*, 2 Allen, 115. But there is no doubt that by the rules of chancery practice both may join in one suit, and it is usually convenient that they should, in order that the rights of all parties may be determined at once. *Lowe* v. *Morgan*, 1 Bro. Ch. 368, and Belt's note. *Palmer* v. *Carlisle*, 1 Sim. & Stu. 423. 1 Dan. Ch. Pract. (5th Am. ed.) 212. *Johnson* v. *Brown*, 11 Foster, 405. *Noyes* v. *Barnet*, 57 N. H. 605. And by our statutes, tenants in common may join even in a common law writ of entry. Gen. Sts. c. 134, § 9.

The merits of the case have hardly been argued by the defendant, and are disposed of by two well-settled rules: 1st. A second mortgagee may maintain a writ of entry to foreclose against the first mortgagee and owner of the equity of redemption. *Palmer* v. *Fowley*, 5 Gray, 545. *Doten* v. *Hair*, 16 Gray, 149. *Cronin* v. *Hazletine*, 3 Allen, 324. *Kilborn* v. *Robbins*, 8 Allen, 466. 2d. A sale on execution of part only of the lands included in one mortgage passes no title. *Webster* v. *Foster*, 15 Gray, 31.      *Judgment for the plaintiffs.*