CHURCH, Respondent, vs. NASH, imp., Appellant.

*May 5—May 23, 1916.*

*Reformation of instruments: Mistake: Omission of name of one ven-
dee in land contract: Husband and wife: Tenancy by entireties:
Possession of land: Constructive notice to purchaser.*

1. In an action to reform a land contract a finding that it was the
   intention of the parties that the wife of the vendee named there-
   in should also be a party and that her name was omitted by mis-
   take is *held* to be sustained by evidence showing, among other
   things, that the word "parties" was used throughout the contract
   in referring to the vendees; that following the husband's name
   was the word "and," with a blank apparently for the wife's
   name; that the scrivener indorsed the contract as given to both
   husband and wife; and that she signed the purchase-money notes
   and paid some of them after her husband's death.

2. Where both husband and wife are the purchasers under a land
   contract she takes the whole property upon his death.

3. A defendant who purchased at guardian's sale the interest of
   minor children in land while plaintiff was in possession thereof,
   with knowledge that plaintiff had bought the property or claimed
   an interest therein under some agreement with the parents of
   the minors, and at a time when the record showed no title in
   either the parents or the minors, was chargeable with notice of
   plaintiff's rights and title.

APPEAL from a judgment of the circuit court for Polk
county: MARTIN L. LUECK, Judge. *Affirmed.*

This action was brought to reform a written contract for
the purchase of land, for specific performance of the contract
as reformed, to remove a cloud from the title, and for general
relief.

On the 5th day of August, 1907, one Wm. Cross and wife
made a contract to sell lot 11 and the south half of lots 9 and
10, block 20, in the village of Clear Lake, Wisconsin, to Fred
Turretin and Marian Turretin, for the sum of $800, $20 be-
ing paid down and seventy-eight notes of $10 each given for
the balance, signed by Marian Turretin and Fred Turretin,
her husband.

It is alleged in the complaint that by mutual mistake of the parties to the contract in drafting the same the name of defendant Marian Turretin was omitted as one of the vendees in the contract; that after Fred Turretin had paid some of said notes he died, and after his death his widow, Marian Turretin, continued in possession and paid some of said notes, and thereafter and on March 5, 1912, sold and assigned the contract to the plaintiff, who paid the balance of said notes.

The defendant McLennan took a conveyance of the fee from Cross, and the defendant *Nash* on February 3, 1914, bought at guardian's sale the interest of the minor children of Fred Turretin, deceased. The defendant *Nash* put in issue the allegations of the complaint and the case was tried on the issues thus raised.

The court below found that Wm. Cross was the owner of the real estate in question, and that he and his wife entered into a contract to sell the property for $800, and that Fred Turretin executed and delivered to said Cross seventy-eight notes of $10 each, which were signed by defendant Marian Turretin and Fred Turretin; that the notes and contract were part of the same contract to purchase, and that it was the intention of the parties to insert the name of said defendant Marian Turretin in the contract after the words "Fred Turretin and" and before the word "parties," but through the omission and neglect of the scrivener who drew the contract the name of Marian Turretin was omitted therefrom as one of the vendees; that on March 5, 1912, the defendant Marian Turretin assigned the contract to the plaintiff, and at that time plaintiff paid her for said assignment $447.66 and went into possession and continued in possession and paid the remainder of the seventy-eight notes as they became due, being twenty-eight in all; that Fred Turretin died prior to March 5, 1912, and paid in his lifetime forty-five of said notes, and Marian Turretin after his death and before said assignment paid five of said notes; that Fred Turretin died intestate and

left him surviving his widow, Marian Turretin, and four children, only heirs at law; that defendant McLennan became the owner of the fee of said lots May 8, 1913; that February 3, 1914, defendant Marian Turretin as special guardian of said children deeded said lots to defendant *Nash,* describing the interest conveyed as an equity of redemption and describing said infants as the infant heirs of Fred Turretin, deceased; that defendant *Nash* had knowledge of sufficient facts to put him on inquiry, and that said inquiry, if prosecuted with reasonable diligence, would have led him to a knowledge of the situation as it actually existed between the plaintiff and defendant Marian Turretin and the true nature of her rights and title under the contract.

The court concluded that the defendant Marian Turretin was on March 5, 1912, by right of survivorship, the owner of the contract in question, and by her assignment the plaintiff became the owner of the property, subject only to the unpaid balance on the contract, and upon payment of said balance plaintiff became entitled to a deed from defendant McLennan; and that the deed to *Nash* dated February 3, 1914, is a cloud upon plaintiff's title which he is entitled to have removed.

Judgment was entered accordingly, from which the defendant *Nash* appealed.

For the appellant there was a brief by *Kennedy & Yates,* and oral argument by *W. T. Kennedy.*

For the respondent there was a brief signed by *C. C. & A. E. Coe,* and oral argument by *Arthur E. Coe.*

KERWIN, J. The controlling question in this case is whether Marian Turretin was a party as joint vendee with her husband in the contract with Cross and wife.

It is true that the evidence is meager on the point, but the court below found that it was the intention of the parties that Marian Turretin should be a party to the contract, but

through omission and neglect of the scrivener who drew the contract her name was omitted. We think the evidence is sufficient to support the finding. The making of the contract and notes was one transaction, and while Marian Turretin was not present when the contract was drawn she signed the notes given for the purchase money and paid part of them after her husband's death. She also sold the contract to the plaintiff. This evidence tends to show that she at least considered that she had an interest in the contract and tends to prove that she understood that she was a party to it. Moreover, the written contract itself tends to show that it was the intention of the parties that Marian Turretin was a party to the contract. The contract is signed only by the vendors. The plural, "parties," is used throughout the contract in referring to the vendees. After description of property in the contract it proceeds: "And the parties of the first part hereby further agree that they will on demand of the parties of the second part . . ." And in the first part of the contract, where both parties to the contract are referred to, after naming the parties of the first part the contract continues: "And Fred Turretin and ...................., parties of the second part," a blank being left in the contract apparently for the name of Marian Turretin. It also appears that the scrivener who wrote the contract indorsed thereon, "Wm. Cross and wife to Fred Turretin and wife." Marian Turretin also testified that she supposed the assignment conveyed good title to plaintiff, subject only to the unpaid balance, and that if she paid up under the contract she would get a deed. Upon the record we are convinced that the court below was justified in finding that the contract was made with Fred Turretin and Marian Turretin, his wife. This being so, upon the death of Fred Turretin Marian took the whole property. *Wallace v. St. John,* 119 Wis. 585, 97 N. W. 197; *Fiedler v. Howard,* 99 Wis. 388, 75 N. W. 163.

It is further contended that defendant *Nash* did not have

notice of the rights of plaintiff in the property or that plaintiff claimed the whole title to the property. Aside from the possession of plaintiff there is considerable evidence that tends to show that *Nash* ought to have known that plaintiff claimed an interest in the property. *Nash* admitted that he knew plaintiff had bought the property or had some kind of an agreement with the Turretins that he was claiming under. But the possession of the plaintiff and the condition of the title at the time *Nash* bought was sufficient notice to put him on inquiry. The deed to *Nash* was made February 3, 1914, and the contract between Cross and wife and Turretin and wife was not recorded until April 13, 1914, so the title as it appeared of record at the time *Nash* bought was not in the Turretins or either of them, but appeared of record to be in Cross. It is clear, therefore, that *Nash* was chargeable with notice of the rights and title of plaintiff. *Pippin v. Richards,* 146 Wis. 69, 130 N. W. 872.

It follows that the findings and conclusions of the court below are right, and the judgment must therefore be affirmed.

*By the Court.*—The judgment is affirmed.