WILLIAMS and others, Appellants, vs. JONES and another, Respondents.

*October 21—November 15, 1921.*

*Mortgages: Mortgagees as joint tenants or tenants in common: Intention of parties: Evidence.*

The statutes (secs. 2068 and 2069) leave open to inquiry in each case whether a real-estate mortgage, joint in form, was intended to create a joint tenancy or a tenancy in common between the mortgagees; and the facts and circumstances attendant upon the execution of the mortgage may be considered to ascertain the intent of the parties.

APPEAL from an order of the circuit court for. Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from that part of the order which overruled plaintiffs' demurrer to the answer of defendants *Ann Jones* and *John H. Jones.*

This action was brought to have adjudicated and determined the respective rights of the plaintiffs and the defendants *Ann Jones* and *John H. Jones* in a mortgage of $15,000 executed by the defendants Frank Visser and Emma Visser. The plaintiffs and Arthur Williams, now deceased, were brothers, and the defendants *Ann Jones* and *John H. Jones* are the residuary legatees of the estate of Arthur Williams, deceased, and as such claim an interest in the note and mortgage in question.

The complaint alleges that on June 6, 1919, for value received, the defendants Frank Visser and Emma Visser, his wife, executed and delivered to the plaintiffs and Arthur Williams their promissory note in the sum of $15,000, payable October 1, 1924; that as collateral security for said note Frank and Emma Visser executed and delivered to the plaintiffs and Arthur Williams a mortgage on certain real estate; that Arthur Williams died on June 8, 1920, being entitled during his lifetime to a right of survivorship as joint tenant with plaintiffs in said note and mortgage; that he left a will

which has been duly probated, which, after providing for the payment of his debts and a small legacy, devises and bequeaths all of his property to the defendants *John H.* and *Ann Jones,* or the survivor of them; that the estate has been fully settled and the residue assigned to the defendants; that in the inventory of the estate there is listed as belonging to the estate an undivided one-quarter interest in and to the said note and mortgage; that defendants claim to be the owners of an undivided one-quarter interest in the note and mortgage as such residuary legatees; that the right, title, and interest of Arthur Williams in this note was extinguished by his death, and that his interest, not having been transferred by him during his lifetime, passed to his brothers on his death; that plaintiffs are now the sole owners of the note and mortgage; and that a substantial controversy exists entitling plaintiffs to ask for the relief prayed for in the complaint.

Defendants set forth in their answer that prior to the execution of the mortgage plaintiffs and Arthur Williams, who were brothers, were owners as tenants in common of the lands described therein; that the executors of the estate of their father contracted for the conveyance thereof to defendants Visser, and an action was brought by plaintiffs and Arthur Williams to cancel such contract; that such action was settled by a written stipulation which provides for a further payment on the purchase price, an increase in interest, the execution of a deed by plaintiffs and Arthur Williams to the purchaser, and the execution by him of a note for the balance of the purchase price, such note to be secured by mortgage upon the lands, the note to bear interest at five per cent., but as a part of such stipulation the plaintiff *William G. Williams* was to pay to the purchaser an amount equal to one fourth of one per cent. for the time the mortgage was to run, so that as a result the amount which he would receive was actually less than that of the other brothers; that such stipulation and the note and mortgage executed pursuant thereto were so executed with the intent

and understanding that the interest of plaintiffs and Arthur Williams in the latter would be of the same character, nature, and extent as was their respective interest in the land sold by them and described in the mortgage, namely, an estate in common; that up to the time the action in question was commenced plaintiffs so regarded the effect of the transaction and divided with defendants *Jones* the interest accruing and paid on the mortgage after Arthur Williams' death; that at the time the stipulation, note, and mortgage were executed plaintiffs and Arthur Williams were unfriendly and he intended that they would not receive any of his property upon his death and had executed a will for the purpose of accomplishing such result; that it was the mutual intent, purpose, and understanding of the parties that upon the death of any of the plaintiffs the interest of such plaintiff should not pass to or vest in the survivors of Arthur Williams, and that upon the death of Arthur Williams his interest should not vest in plaintiffs or any of them; that when Arthur Williams' will was offered for probate plaintiffs at first objected thereto, but later abandoned such contest; that, knowing that defendants *Jones* claimed a one-quarter interest in the mortgage and that it had been inventoried as part of the estate of Arthur Williams, plaintiffs suffered and permitted the probate of such estate to proceed to final settlement, with the allowance of inheritance taxes, fees, and expenses, in amounts commensurate with and as required on the basis of a valuation including a one-fourth interest in such mortgage; that through such silence and acquiescence plaintiffs caused and permitted defendants to materially alter their position to their prejudice in reliance upon such one-fourth interest; that for such reason plaintiffs are estopped to question or assert title to such one-fourth interest.

It is further alleged that, upon proceedings duly and regularly had in the county court of Columbia county in the matter of the estate of Arthur Williams, it was finally adjudged and determined that defendants *Jones* were the

owners of this one-fourth interest, and that such interest was duly assigned and set over to them by the final judgment of the court; that when the plaintiffs were parties in interest in said proceedings and actually appeared therein by filing objections to the probate of the will, such judgment of the county court of Columbia county is therefore conclusive and binding upon them.

As a counterclaim the defendants allege all of the facts stated in the defensive part of the answer and that if the note and mortgage, or the stipulation pursuant to which they were executed, are not in present form capable of being construed as creating a tenancy in common between plaintiffs and Arthur Williams, then that they should be reformed so as to express the true intent and understanding of the parties thereto. Relief was demanded on such counterclaim.

Plaintiffs demurred to the answer on the ground that upon the face thereof it does not state facts sufficient to constitute a defense; they demurred to the counterclaim on the ground that it does not state facts sufficient to constitute a counterclaim.

The demurrer to the answer was overruled by the court and sustained as to the counterclaim. Plaintiffs appeal from that portion of the order which overrules the demurrer to the answer. Respondents ask for a review of that part of the order which sustains the demurrer to the counterclaim.

For the appellants there was a brief by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *Martin L. Lueck.*

For the respondents there was a brief by *Grady & Farnsworth* of Portage, and oral argument by *W. H. Farnsworth.*

SIEBECKER, C. J. It is claimed by the plaintiffs that this note and mortgage given to the plaintiffs and Arthur Williams, being joint in form, must therefore be held as creating a joint tenancy, and that the facts and circumstances of the transaction resulting in their execution and delivery cannot

be considered nor received in evidence as showing that the note and mortgage were intended to, and did in fact, create a tenancy in common between the plaintiffs and Arthur Williams. This claim of the plaintiffs is based on the statutes (sec. 2068 and 2069).

"Sec. 2068. All grants and devises of land made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.

"Sec. 2069. The preceding section shall not apply to mortgages, nor to devises or grants made in trust, or made to executors, or to husband and wife."

It is urged that the common-law rule to the effect that written instruments cannot be contradicted, varied, or modified by parol evidence applies and governs in this case, and hence the facts and circumstances of the transaction resulting in the making, execution, and delivery of these written instruments cannot be considered in interpreting them and in determining the nature and kind of interest the plaintiffs and Arthur Williams had in them, and that, since they are in fact joint in form, under the statutes above quoted it must be held that the plaintiffs and Arthur Williams owned the note and mortgage as joint tenants, and upon the death of Arthur Williams the plaintiffs became the joint owners thereof by right of survivorship. It is also contended that under the decisions of this court, since the covenants of these instruments are joint in form, the facts and circumstances cannot be inquired into to interpret them and that they must be held to. create a joint tenancy. The following cases cited to our attention are much relied on by the parties to sustain their respective claims: *Farr v. Trustees, etc.* 83 Wis. 446, 53 N. W. 738; *Fiedler v. Howard,* 99 Wis. 388, 75 N. W. 163; *Church v. Nash,* 163 Wis. 424, 158 N. W. 89; *Dupont v. Jonet,* 165 Wis. 554, 162 N. W. 664; *Farwell v. Warren,* 76 Wis. 527, 45 N. W. 217.

An examination of these cases discloses that this court has not declared that the facts and circumstances of the transactions involved in the making and execution of the written instruments respectively involved in each of these cases cannot be taken into consideration in interpreting the instruments. But it does appear in each of these cases that the facts and circumstances involved in the transactions that led to the execution of the respective writings were brought to the attention of the court and that they were taken into consideration in the decisions. An examination of the cases of *Farr v. Trustees, etc., Fiedler v. Howard, Church v. Nash,* and *Dupont v. Jonet* shows that the joint covenants there involved, when interpreted in the light of the subject matter upon which they operated, with reference to the nature of the transactions between the parties, were intended to be joint covenants as held by the court. In the case of *Farwell v. Warren,* 76 Wis. 527, 45 N. W. 217, where a chattel mortgage was given, joint in form, to secure the separate indebtedness of the mortgagor to each mortgagee, it was held that the mortgagees took as tenants in common of the property, each having an undivided interest in the property to the amount of his claim. It was there urged upon the court that, since the mortgage was in form joint, the mortgagees had a joint interest therein; but the court held that although the form of the mortgage was joint it was clear from the whole mortgage that the mortgagees owned it in common and that each mortgagee had an undivided interest in proportion to his respective debt. To this proposition the court cites a number of cases on page 535 of the opinion written for the court by Mr. Justice TAYLOR. Among the cases thus cited by the court is the case of *Burnett v. Pratt,* 22 Pick. 556. An examination of this case discloses that it involved a consideration of the questions presented on this appeal. The Massachusetts statutes, which are in substance like secs. 2068 and 2069 of our statutes, were involved in the decision. Since *Burnett v. Pratt* was approved and fol-

lowed in *Farwell v. Warren,* 76 Wis. 527, 45 N. W. 217, and the principles there enunciated dealt with rights of parties like those involved in the instant case, we deem it proper to refer to the reasons and grounds therein stated as declaratory of doctrines which we deem applicable to this case. It is there declared:

"A covenant with two or more persons constitutes a joint obligation; and a conveyance in fee or in mortgage to several, at common law, creates a joint tenancy. But covenants are to be construed with reference to the subject matter upon which they are to operate, and where the interests of the covenantees are *several,* the covenant, though in form *joint,* shall be construed to be *several.* . . .

"Every written agreement should be construed with reference to the nature of the transaction between the parties and to the objects which they appear to have in view. . . . If a mortgage be given to secure a joint debt, it shall be so construed as to create a joint estate, notwithstanding the provisions of our statute. . . . But if a mortgage be given to two or more persons to secure their several debts, the obvious purpose of the parties must be to give to each security for his particular debt."

This doctrine as quoted was sustained in the common law, as pointed out in the *Burnett Case.* In the recent case of *Park v. Parker,* 216 Mass. 405, 103 N. E. 936, the court re-examined the subject and the doctrine of the *Burnett Case* is adhered to. We consider that the observations of the Massachusetts court are pertinent and applicable in interpreting instruments within the provisions of secs. 2068 and 2069, Stats. It is considered that the circuit court properly held that a mortgage given under the facts and circumstances alleged in the answer makes it proper to consider such facts and circumstances to show the intent of the parties. The statutes leave open to inquiry in each particular case what the intent of the parties is, and the rights of the parties are to be governed by the transactions involved and the nature of the subject matter upon which they operate.

It must be held that the circuit court properly overruled plaintiffs' demurrer to defendants' answer, and correctly held reformation of the mortgage is not necessary, and hence the demurrer to the counterclaim should be sustained.

*By the Court.*—The order appealed from is affirmed.