HUGH O'NEIL *vs.* FRED J. TOPPING.

Berkshire.    September 19, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Mortgage,* Of real estate.    *Tenants in Common.    Writ of Entry,* Parties.    *Res Judicata.*

Where the owner of certain real estate executes and delivers two mortgages which do not contain a power of sale and each of which contains full warranty covenants, "save" the other mortgage, which it describes, and both are recorded on the same day and hour, each mortgagee takes a mortgage title as a tenant in common with and subject to the title of the other and with the same right of foreclosure as he would have had if there had been one conveyance to the two mortgagees to secure the several debts.

After the giving and recording of mortgages as above described, the mortgagor died and by his will devised the property to his widow for her life and after her death to one of the mortgagees. After the death of the widow, the other mortgagee brought a writ of entry in the Superior Court to foreclose his mortgage, in which an attachment was made of all the "right, title and interest" of the person who was the other mortgagee and the devisee of the premises, and while the writ of entry was pending the first mortgagee executed and delivered to a third person a quitclaim deed of the premises, which was recorded. Thereafter a conditional judgment was entered in the Superior Court determining the amount of the demandant's mortgage debt, declaring that if it was paid in two months the tenant should hold title free from the mortgage, and that otherwise the demandant should "have execution for possession of the whole of the demanded premises." More than three months later execution was issued to

the demandant and four days later he was given full possession as shown by the officer's return on the execution. *Held*, that

(1) The Superior Court had complete jurisdiction of the subject matter of the suit and of all parties in interest;

(2) The deed of the tenant while the suit was pending did not require that the grantee therein should be joined as a tenant or operate to deprive the court of its jurisdiction to make a conditional judgment;

(3) The judgment of the Superior Court was conclusive and constituted a bar to another writ of entry by the grantee in the deed from the tenant in the former writ of entry against a grantee of the demandant therein.

WRIT OF ENTRY, filed in the Land Court on June 20, 1917, to recover possession of one undivided one half part of two parcels of land in the town of Sheffield.

In the Land Court, the action was heard by *Corbett*, J. The tenant claimed title through mesne conveyances from Mary Mullaney after the foreclosure of her mortgages described in the opinion. Other material facts found and rulings made by the judge are described in the opinion. He ordered judgment for the tenant; and the demandant alleged exceptions.

*H. C. Joyner*, for the demandant.

*J. S. Stone*, for the tenant.

PIERCE, J. This is a writ of entry to recover possession of one undivided half of certain parcels of land situate in Sheffield in the county of Berkshire. The case was heard by a judge of the Land Court upon agreed facts, and is before this court on exceptions taken by the demandant.

The following facts were before the Land Court and are not in dispute: "On March 31, 1887, Patrick O'Neil was the owner of the demanded premises. On said date he executed and delivered to his son Michael O'Neil a mortgage of said premises. It contained full warranty covenants, 'save a mortgage of three hundred dollars to Mary Mullaney, or order.' On the same day he also executed and delivered to his daughter Mary Mullaney a mortgage of said premises. It contained full covenants of warranty 'save a mortgage of three hundred dollars to Michael O'Neil.' The consideration of each of said mortgages was three hundred dollars and neither of them contained a power of sale. They were both recorded the same day and hour. The said mortgagor, Patrick O'Neil, died December 30, 1892. By his will, which was duly proved and allowed by the Probate Court on May 3, 1892, he devised the said premises to his wife for life and the remainder in

fee to said Michael O'Neil, who was appointed executor of said will. The widow died May 6, 1900. The said Mary Mullaney brought a writ of entry in the Superior Court to foreclose said mortgage under R. L. c. 187, now G. L. c. 244. The writ was dated September 17, 1900, and was returnable at Pittsfield in said county on the first Monday of November, 1900. It appears by the return of the deputy sheriff that on September 21, 1900, he attached all the right, title and interest the said Michael O'Neil had in and to any real estate in the Town of Sheffield. The papers in that case were put in evidence, including the finding of . . . [the judge of the Superior Court] and his order to the clerk to enter a conditional judgment. The said finding and order was filed October 3, 1904, and is as follows: . . . 'No claim for a trial by jury having been made, this case was tried upon an agreed statement of facts filed February 20, 1904, and upon briefs submitted by counsel for the demandant and tenant respectively, and upon a full consideration thereof the court finds that the equitable interest in the demanded premises conveyed to the tenant by the mortgage to him from Patrick O'Neil, became merged in the fee devised to him by the will of the said Patrick O'Neil. The court determines the amount due the demandant, plaintiff, on her mortgage, on the 3rd day of October, 1904, to be the sum of six hundred fifteen and 60/100 dollars ($615.60) and orders the clerk on that day to enter the following conditional judgment, namely: "That if the defendant within two months after the third day of October, 1904 pays to the plaintiff the amount of six hundred fifteen and 60/100 dollars ($615.60) with interests and costs, the mortgage of the plaintiff shall be void, and the defendant shall hold the whole of the demanded premises discharged thereof; otherwise, that the plaintiff shall have execution for possession of the whole of the demanded premises and for costs."'

"On January 12, 1905, execution was issued out of said court to said Mary Mullaney for her title and possession to the demanded premises and on the sixteenth day of January, 1905, the said Mary Mullaney was given full possession of said premises as shown by the officer's return in said execution. On March 8, 1902, the said Michael O'Neil executed and delivered to the demandant Hugh O'Neil a quitclaim deed of the demanded premises which deed was duly recorded."

On the foregoing facts Michael O'Neil and Mary Mullaney took under a conveyance to each, as tenants in common, a mortgage of the entire estate to each, subject only to the incumbrance created by the mortgage made to the other at the same time — each with the same right of foreclosure as he or she would have had if there had been one conveyance in mortgage to secure the payment of the several debts. *Ewer* v. *Hobbs,* 5 Met. 1. *Burnett* v. *Pratt,* 22 Pick. 556. *Gilson* v. *Gilson,* 2 Allen, 115. *Cochran* v. *Goodell,* 131 Mass. 464. And each could maintain an action in his own name alone, *Burnett* v. *Pratt, supra;* or join the other in one suit, *Cochran* v. *Goodell, supra.*

The writ of entry brought by Mary Mullaney against Michael O'Neil, the owner of the equity of redemption and co-owner in mortgage of the fee, gave the Superior Court complete jurisdiction of the subject matter and of all parties in interest. And the transfer of the interest of Michael O'Neil to Hugh O'Neil, the demandant, pending the determination of that action, did not require that Hugh O'Neil should be joined as a tenant or operate to deprive the court of its jurisdiction to make a conditional judgment. *Hunt* v. *Hunt,* 17 Pick. 118. *Shelton* v. *Atkins,* 22 Pick. 71, 74.

The tenant to the writ, Michael O'Neil, through his attorney actively participated in the hearing of the suit; and so far as the record discloses neither took exception to nor appealed from the judgment. And thereupon, in due course execution issued to the demandant for her title and possession of the demanded premises.

In these circumstances the judgment is conclusive and constitutes a bar to any further litigation upon the same subject, either by the parties or by their privies. The demandant in this action claims under the tenant in the former action and is consequently a privy.

We find no error in the refusal to give the requests of the demandant which were not given.

*Exceptions overruled.*