## CUTCLIFFE v. LOWRY, sheriff.

ATKINSON, J. 1. The Supreme Court, after acquiring jurisdiction of a case, may order transmission of parts of record necessary to a decision of the case that have not been transmitted from the trial court; but it has no jurisdiction to change the record as made in the trial court, or to allow a change by consent of the attorneys for the parties at interest. Accordingly, where a bill of exceptions does not purport to contain a brief of the evidence introduced in the trial court, but specifies as a part of the record to be sent to the Supreme Court, a brief of the evidence adduced at the trial, which was agreed to by the attorneys for the parties and duly approved by the trial judge, and where a transcript of such approved brief of evidence was duly certified by the clerk and transmitted to the Supreme Court as a part of the record in the case, the Supreme Court will not, on motion of the plaintiff in error, concurred in by the defendant in error, for diminution of the record, allow the approved brief of evidence to be amended by substituting for a paper that was included therein, and was material and relevant to the question for decision, another paper relating to the same subject but materially different from the first, on the ground, as stated in writing by the attorneys for the respective parties, that the copy of the paper as set out in the approved brief of evidence was not a correct copy of the paper that was introduced in evidence at the trial and was included in the brief of evidence by inadvertence, and that the paper proposed to be substituted for the other was a correct copy of the paper introduced at the trial.

2. The exception in this case is to a judgment in a habeas-corpus proceeding, refusing to discharge the applicant and remanding him to the custody of the officer. It appears from the approved brief of evidence that the applicant was being held in custody under authority of a sentence imposed in a misdemeanor case in the superior court of Fulton County, as follows: "Whereupon, it is considered by the court that the defendant, Walter Cutcliffe pay a fine of one hundred dollars and all costs of this prosecution, and remain in the custody of the sheriff until the fine and costs aforesaid are paid; and in default of payment of said fine and costs within one day from the time of sentence, that the said defendant be put to work and labor on the public works of the County of Fulton, or otherwise, as the commissioners of said county may direct, for the space of eight months, to be computed from the date of his delivery, with privilege to pay said fine and costs and be discharged at any time after entering upon such public works suspended on payment of fine in the discretion of the court on good behavior." This sentence is the paper referred to in the first division as being an incorrect copy of the paper that was introduced in evidence and as having been inadvertently included in the approved brief of evidence. It also appears from the pleadings and uncontradicted evidence that the defendant paid the fine imposed by the court. *Held,*

Criminal Law, 17 C. J. p. 165, n. 23, 26; p. 203, n. 85, 87.
Habeas Corpus, 29 C. J. p. 61, n. 34.

that the trial court erred in refusing to discharge the applicant and in remanding him to the custody of the officer.

3. The applicant also, as a ground for discharge, relied upon a pardon issued by the Governor. The pardon was attacked by the officer as void on the ground that it was obtained by fraud. As a reversal will result from the ruling announced in the second division, it is unnecessary to deal with any question relating to the validity or effect of the pardon.      *Judgment reversed. All the Justices concur.*

No. 6195. November 17, 1927. Rehearing denied December 17, 1927.

Habeas corpus. Before Judge E. D. Thomas. Fulton superior court. July 9, 1927.

*Paul L. Lindsay,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.