CALLAWAY *v.* LIFE INSURANCE COMPANY OF VIRGINIA.

ATKINSON, J.   1. A court to which a claim shall be returned shall cause the right of property to be decided by a jury at the first term thereof, unless continued as other cases at common law. Civil Code (1910), § 5168. But on the trial of such case where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, the court may direct the jury to find for the party entitled thereto. § 5926.

(a) The foregoing principle was recognized in *Atwood* v. *Edenfield*, 150 *Ga.* 198 (103 S. E. 170) ; but as the evidence with all reasonable deductions and inferences therefrom in that case did not demand a particular verdict, the direction of a verdict was held to be erroneous.

(b) The principle was also recognized in *Hodges* v. *Holiday*, 29 *Ga.* 696; but that being a case in which a statutory claim to land was properly filed and returned to the court, it was held to be improper practice for the judge to dismiss the claim without a verdict of the jury. However it was not held that a verdict might not be directed in a proper case; on the contrary it was stated in effect, in the opinion, that if on the trial certain facts should appear, "then the property is subject, and so the court must direct the jury, and so they must find."

2. As a general rule, if the plaintiff fails to make out his case and the defendant introduces no evidence, the judge should grant a nonsuit, thus affording the plaintiff the right to institute another action, rather than direct a verdict in favor of the defendant. *Stewart* v. *Mundy*, 131 *Ga.* 586 (62 S. E. 986), and cit. See also *Decatur County Bank* v. *Thomason*, 31 *Ga. App.* 299 (120 S. E. 642). If on the trial of a statutory claim case relating to realty the plaintiff and the claimant introduce evidence and after such introduction it appears from the evidence as a whole and from all reasonable deductions and inferences

therefrom that the realty is subject to the fi. fa., the judge may direct the jury to return a verdict finding the property subject.

3. In cases where a deed conveying realty to secure a debt has been executed and the secured debt has been reduced to judgment by the payee, assignee, or holder of the debt, the holder of the legal title may execute to the defendant in fi. fa. a quitclaim conveyance to such real property and file and have the same recorded in the clerk's office; whereupon the realty "may be levied upon and sold as the property of said defendant," for payment of the debt. Civil Code (1910), §§ 6037, 6038. The property is not subject to levy and sale on a judgment for the secured debt until it has been reconveyed to the debtor (*McCalla* v. *American Freehold Co.*, 90 *Ga.* 113, 15 S. E. 687), and until such reconveyance has been filed and recorded in the office of the clerk of the superior court. *National Bank of Athens* v. *Danforth*, 80 *Ga.* 55 (6) (7 S. E. 546); *Dedge* v. *Bennett*, 138 *Ga.* 787 (76 S. E. 52); *Coates* v. *Jones*, 142 *Ga.* 237 (82 S. E. 649); *Sloan* v. *Loftis*, 157 *Ga.* 93 (120 S. E. 781); *Kidd* v. *Kidd*, 158 *Ga.* 546, 553 (124 S. E. 45, 36 A. L. R. 798).

4. In this case the exception is to a judgment rendered on the trial of a statutory claim case involving title to realty, whereby the court directed a verdict finding the property subject. The fi. fa. was based upon a judgment against the defendant, declaring a special lien upon the property based on foreclosure of a security deed to realty executed under the provisions of the code. The fi. fa. was levied upon the land as the property of the defendant. Prior to the levy the plaintiff, who was the grantee named in the security deed, executed to the defendant a quitclaim deed for the purpose of levy and sale, but there was no evidence as to the filing and record of the quitclaim deed in the office of the clerk of the superior court. Under application of the principle stated in next preceding note, the trial judge erred in directing a verdict finding the property subject.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

5. The point upon which the judgment of the trial court is reversed under the fourth headnote is essentially involved in the general grounds of the motion for new trial, which complain that the verdict is contrary to evidence, is without evidence to support it, is decidedly and strongly against the weight of the evidence, and is contrary to law and the principles of justice and equity. This is so because it was a necessary part of plaintiff's case to show that the deed of reconveyance to the defendant was filed in the office of the clerk of the superior court and actually recorded before levy of the execution on the land, such filing and recording being required by the statute and necessary to revest legal title to the land so as to give defendant a leviable interest.

6. The point being essentially involved in the general grounds of the motion for new trial, and the attorney for the claimant (plaintiff in error) having in his brief filed in this court insisted on the general grounds, the fact that in doing so he directed his argument to other reasons, and did not specifically urge failure to file and record the deed of reconveyance, did not amount to abandonment of the general grounds

or so much thereof as involved the point that there was a failure to file and record the deed of reconveyance.

7. The regularly approved brief of evidence made a part of the motion for new trial shows that there was a deed of reconveyance, but does not show that it had been filed and recorded. After the motion for new trial has been overruled and the case brought to the Supreme Court, the case will be decided upon the record as made in the trial court, and this court will not consider the facts that the deed of reconveyance was duly filed and recorded but by inadvertence evidence of such filing and recording was omitted from the approved brief of evidence. *Cutcliffe v. State*, 165 *Ga.* 287 (140 S. E. 752). *Motion for rehearing denied.*

No. 6377. AUGUST 15, 1928. REHEARING DENIED SEPTEMBER 17, 1928.

Claim. Before Judge Persons. Henry superior court. November 5, 1927.

*Brown & Brown,* for plaintiff in error. *H. A. Etheridge,* contra.