SPARKS *v.* SPARKS, guardian.

No. 13957.   JANUARY 16, 1942.

*W. M. Goodwin* and *E. W. Jordan,* for plaintiff in error.
*Harris & McMaster* and *Edward T. Averett,* contra.

REID, Chief Justice.   The solution of the present case depends upon a proper construction of a deed from John E. Sparks to J. C. Sparks, H. B. Sparks, and T. R. Sparks, which was made to secure a debt held by each of the grantees against the grantor.   T. R. Sparks, through his guardian, reduced his claim to judgment, and had the execution levied on the property described in the deed. Joseph C. Sparks filed a claim.   The judge directed a verdict finding the property subject.   The claimant excepted to the overruling of his motion for new trial.

■   We should first state that the evidence shows that the claimant no longer has any interest in the property under the security deed.   He testified that he had reconveyed to the grantor his interest in the property thereunder; and this fact must accordingly be taken as true.   He did seek to prove however, that some time thereafter the grantor executed a warranty deed in his favor to the property described in the security deed, by virtue of which, it is contended, he became owner of the title to the undivided interest in the property that he held under the security deed, and which he had theretofore reconveyed to the grantor, as well as the equity of redemption to the interest held by the plaintiff under the secur-

ity deed; and further, that his title to such undivided interest was not subject to the judgment, since the warranty deed was executed before it was obtained. The question for determination thus appears to be whether, when the interest of the claimant to the property under the security deed terminated by his reconveyance to the grantor, the title to the whole land vested in the remaining grantees as security for their debts, or whether the title to such interest as the claimant held under the security deed vested in the grantor, so that the warranty deed subsequently executed would operate to reconvey such interest to the claimant. This would depend. it seems, upon whether the grantor intended to convey the title to the whole property to each of the grantees, the right of each to satisfaction of his debt out of the property being subject to a like right in the other grantees, or whether he intended simply to convey to each of the grantees an undivided interest in the property as security for his debt. An intention of the character first mentioned would have been manifest had the grantor executed separate deeds to the property in favor of each of the grantees, and made each subject to the others, and that of the latter, had the grantor executed separate deeds to the grantees conveying to each an undivided interest in the property.

The deed contained the following provisions: "Witnesseth: that the said John E. Sparks, for and in consideration of the sum of $8084.00 to him in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted . . in the several proportions hereinafter stated unto the said Joseph C. Sparks, H. B. Sparks, and T. R. Sparks, their respective heirs and assigns, all the following described property, to wit: . . To have and to hold the said . . described land . . with all and singular the rights . . thereunto appertaining, to the only proper use, benefit, and behoof of the said Joseph C. Sparks, H. B. Sparks, and T. R. Sparks, their respective heirs and assigns, in fee simple. This deed is made to secure obligations due by John E. Sparks to the grantees herein named. The said John E. Sparks being indebted to the said Joseph C. Sparks in the sum of $1000.00, and to H. B. Sparks in the sum of $3,800.00, and T. R. Sparks in the sum of $3,284.00, said obligations are held severally by said named parties in the amounts named against the grantor herein, and this deed is made

to secure the payment of the above-named amounts to each of the said named parties, and is conveyed to them in proportion to the several amounts of their respective claims, each of them holding said land to secure said named debts as coequals and without any priority of one over the other, and the interest of each under this deed, and over the property covered thereby, is in proportion to the amount of his claim relatively to the whole indebtedness hereby secured."

It will be thus seen that the deed by its express terms provides that each of the grantees shall have an undivided interest in the property, in the proportion that his debt bears to the whole; but we have reached the conclusion that these provisions were intended to restrict the interest of the several grantees among themselves, and that the deed, construed as a whole, discloses an intention on the part of the grantor, as between himself and the grantees, to convey to each of them the entire property as security for his debt, the right of each to satisfaction of his debt out of the property to be subject to a like right in the others in the proportions stated. It seems to us that such an intention is especially evidenced by that provision in the deed that each of the grantees was to hold "said land to secure said named debts as coequals, and without any priority of one over the other." If it had been the purpose of the grantor to convey to each only a distinct undivided interest in the land in the proportions marked out, he would have hardly felt it necessary to insert this provision, while, on the other hand, such a provision would have been perfectly proper and consistent if he meant to convey the described land to each of the grantees, but with the right of each to satisfaction of his debt out of the land, as between themselves, limited to a proportionate interest as fixed therein. It is a fundamental rule that in the construction of contracts every provision is to be considered, and, if possible, given effect. Code, § 20-704 (4); *Simpson* v. *Brown,* 162 *Ga.* 529 (134 S. E. 161); *Spooner* v. *Dykes,* 174 *Ga.* 767 (163 S. E. 889). It is also true that if there be any doubt as to the true meaning of the provisions, it should be taken most strongly against the party executing the contract, in this instance the grantor. Code, § 20-704(5); *Harris* v. *Hull,* 70 *Ga.* 831, 841. The deed recites that it is given in consideration of the sum of $8084; which is the total amount of the debts held by the grantees; and we do not deem it

unreasonable to conclude, from the provisions of the deed as a whole, that it was the intention of the grantor that the land should stand as security until this entire sum was paid, irrespective of whether any unpaid balance be held by one of them or all three.

This construction of the deed does not render the grantees joint tenants; and we do not consider that anything we have here ruled conflicts with the apparently well-settled view that a mortgage to two or more, to secure their separate obligations against the mortgagor, makes the mortgagees tenants in common rather than joint tenants. Tyler v. Taylor, 8 Barb. 585; Burnett v. Pratt, 22 Pick. 556; Brown v. Bates, 55 Me. 520 (92 Am. D. 613); Cooley v. Kinney, 109 Mass. 34; Williams v. Jones, 175 Wis. 380 (185 N. W. 231); Trustees v. Williams, 100 Wis. 223 (75 N. W. 954, 69 Am. St. R. 912); Park v. Parker, 216 Mass. 405 (103 N. E. 936); Farwell v. Warren, 76 Wis. 527 (45 N. W. 217); 41 C. J. 487; 62 C. J. 415; 4 Thompson on Real Property, § 1837. The right of each of the grantees to the title to the whole property is, of course, not fulfilled except upon the termination of the interest of the others. Each of the grantees simply holds an undivided interest in the property as a tenant in common, but with the additional right to an enlargement of his interest, in accordance with the grant to him, upon the termination of the interest of one or both of the other grantees under the deed. As already suggested, the situation is the same as if the grantor had executed to each grantee a separate deed to the property, and provided that they should be of equal dignity "without any priority of one over the other." See Welch v. Sackett, 12 Wis. 243; O'Neil v. Topping, 242 Mass. 534 (136 N. E. 613); Howard v. Chase, 104 Mass. 249; Cochran v. Goodell, 131 Mass. 464.

■ Under the views above expressed, the judge was correct in his construction of the deed, as to whether the claimant held title to an undivided interest in the property, superior to the plaintiff's judgment. Since, however, there was no evidence to show that the plaintiff had executed a deed to the grantor in the security deed for the purpose of levy and sale, we are of the opinion that he erred in directing the verdict finding the property subject. Code, § 67-1501; McCalla v. American Freehold Land Mortgage Co., 90 Ga. 113 (5) (15 S. E. 687); Callaway v. Life Insurance Company of Virginia, 166 Ga. 818 (3, 4) (144 S. E. 381). For this reason the judgment must be *Reversed. All the Justices concur.*