PETERSON vs. KAIGLER & WALKER.*

1. A chattel mortgage executed by a resident of Alabama upon property in that State, and duly recorded there, conveyed title; and where the property was casually brought into the State of Georgia and levied on by an attachment, the mortgagees could interpose a claim thereto. A distinction exists, under the laws of Alabama, between a chattel mortgage and a mere lien.

2. Where such property was casually brought into the State of Georgia, and before the expiration of the six months in which a foreign mortgage is required to be recorded here, an attachment was levied thereon, the Alabama mortgagees could interpose a claim thereto and recover the property, although they had not recorded the mortgage in this State.

April 26, 1887.

Mortgages. Title. Comity. Laws. Claims. Before Judge JOHN T. CLARKE. Clay Superior Court. September Adjourned Term, 1886.

Reported in the decision.

---

*Blandford, J., did not preside in this case, on account of indisposition.

W. A. SCOTT; F. B. DILLARD, for plaintiff in error.

No appearance for defendants.

HALL, Justice.

One Wilcoxon being indebted to Kaigler & Walker, of the State of Alabama, executed to them two mortgages upon certain mules and a wagon, and in the same instrument gave them liens upon his growing crops. The first of these mortgages was made in January, 1884, and was given to secure a debt falling due on the 1st of October of that year. The second was made in February, 1885, and was upon personal property, and contained a lien upon the growing crops of that year to secure a debt falling due on the 1st of October, 1885. Each of these mortgages contained a power of sale. They were regularly proved and admitted to record in Henry county, Alabama, where the mortgagor and mortgagees lived. In the latter part of October, 1885, Wilcoxon, with the wagon and a portion of the live-stock included in both of the mortgages, crossed the river and went to Fort Gaines, in the county of Clay, in the State of Georgia. While his team was hitched in the rear of the store of Peterson, he procured an attachment to be issued, and had it levied by the sheriff of Clay county, Georgia, upon the wagon and team, which were claimed by Kaigler & Walker, the mortgagees, residing in the State of Alabama.

Two questions are made in this case: (1) whether these mortgages conveyed title to the property by the laws of Alabama; (2) whether the party, where the mortgaged property came into the State of Georgia, was bound to have it recorded, in order to defeat the lien created by the levy of the attachment. The court charged the jury that "a mortgage conveys title in the State of Alabama; and if the jury are satisfied from the evidence that the defendant in attachment, Wm. Wilcoxon, before that attachment was

v 78 30

levied upon the property in this State, executed to the claimants a mortgage upon the property while it was in Henry county, Alabama, and while he resided there, and the mortgage was recorded in that county within the time prescribed by the laws of Alabama, and that the debt intended to be secured by the mortgage was unpaid at the time of the levy, in such a case the claimants would have such title to the property as would authorize them to claim it when casually brought into this State and here levied on by attachment; and if such are the facts in proof, the jury should find the property not subject to the attachment. If the property was casually brought into the State while the defendant lived in Alabama, not to be kept here, but just for the occasion, it was not required by law that the Alabama mortgage should be recorded here, or that the mortgagee should lose his right under it, but the mortgagee holding title under the mortgage could claim the property against the levy."

1. We think that charge embodies exactly the law upon both the questions raised in the case. There is no dispute but that the facts fully authorized it; indeed, there was no contest over them. The jury did right in finding the property not subject. Such a mortgage conveys title in the State of Alabama to the mortgagee, as has been frequently decided by the Supreme Court of that State. In their decisions, they recognize the distinction existing between a written lien and a chattel mortgage. For instance, in these mortgages there were liens reserved upon the mortgagor's crops; and regular words of conveyance, such as "grant, bargain, sell and convey," are used in reference to the personal chattels mortgaged, *i. e.* the stock and wagons in question. This distinction is kept up throughout the decisions in the State of Alabama, and is stated with clearness and distinctness in the cases of Sims *vs.* Canfield's ex'rs, 2 Ala. 555; Evington *vs.* Smith Bros., 66 *Id.* 401; Mervine *vs.* White, 50 *Id.* 388; Ellington *vs.* Charleston, 57 *Id.* 166.

2. As to the necessity of recording these mortgages in this State, under the circumstances of the case, that can scarcely be considered an open question in this court. In the case of *Hubbard vs. Andrews & Co.*, decided at the March term, 1886, (76 *Ga.* 177,) we held that where mortgaged property had been brought from Alabama into Troup county, this State, and there sold to a purchaser for a valuable consideration, who had no notice of the lien, the mortgage being recorded in Alabama, but this sale being made in Georgia before the six months in which the mortgage was required by our laws to be recorded had elapsed, the mortgagee might follow the property and cause his mortgage to be foreclosed, and the execution issuing from the judgment of foreclosure levied on it.

Judgment affirmed.