## 18477.   INDUSTRIAL ACCEPTANCE CORPORATION *v.* PERRY.

Where an automobile was sold in Florida under a conditional bill of
sale which reserved title in the seller as security for payment of pur-
chase-money, and the automobile was afterwards brought into this State
and was here sold to a third person, who bought in good faith, for
value and without actual notice of the claim of the original seller, and
the original seller, within six months from the time when the auto-
mobile was brought into this State, brought trover to recover the prop-
erty from the last purchaser, and the petition was served on the defend-
ant within that time, notice by record of the bill of sale within the six
months fixed by law for recording was not necessary, to preserve the
rights of the original seller as against the last purchaser. The court

Sales, 35 Cyc. p. 680, n. 7; p. 687, n. 49.

which tried the case upon an agreed statement of facts erred in rendering judgment for the defendant.

DECIDED DECEMBER 13, 1927.

Complaint in trover; from city court of Savannah—Judge Freeman. September 3, 1927.

*Albert L. Cobb,* for plaintiff.

*Stephens & Stephens,* for defendant.

LUKE, J. On December 12, 1926, in the State of Florida, Industrial Acceptance Corporation sold an automobile under a conditional bill of sale retaining title to the property. On January 10, 1927, the automobile was brought into Chatham county, Georgia, and since that time it has remained in that county. On January 24, 1927, Perry purchased the automobile in good faith, for value, and without actual notice of the claim of the original seller under its conditional bill of sale. On May 3, 1927, Industrial Acceptance Corporation brought trover for the automobile, and a copy of the petition was duly served on the defendant, the purchaser from the grantee in the conditional bill of sale. The bill of sale was not recorded in Chatham county, Georgia, within six months from the time it was brought into this State, or at any other time so far as the record discloses. Upon the agreed statement of facts the court rendered a judgment for the defendant. Under the rule laid down in the case of *Hubbard* v. *Andrews, 76 Ga.* 177 (2), the bringing of the trover action, and the serving of a copy of the petition upon the defendant within the six months period fixed by law for recording the conditional bill of sale, dispensed with the necessity of giving record notice of the existence of the bill of sale, and the judgment for the defendant was error. See also *Peterson* v. *Kaigler, 78 Ga.* 464 (3 S. E. 655), and *Armitage-Herschell Co.* v. *Muscogee Real Estate Co., 119 Ga.* 552 (46 S. E. 634).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*