24873. NORTHERN FINANCE CORPORATION *v.* HOLLINGSWORTH.

JENKINS, P. J. 1. Where a person sells personal property in another State under a conditional-sale contract retaining title in the vendor until the payment of the purchase-price, and the property is afterwards brought into this State, the vendor must, within six months after the property is so removed, record the instrument in the county 'where the vendee resided at the time of executing the instrument, if a resident of this State, or in the county where the property is, if a non-resident, in order for the vendor to have priority over third persons acquiring in good faith and without notice interests in the property by transfer or lien. Code of 1933, §§ 67-108, 67-1403, 67-2501. The mere filing of a trover suit by the vendor against such a third person within the statutory period does not dispense with the necessity of duly recording the contract; and in the absence of such record, the plaintiff vendor would not be entitled to prevail against one who acquired the property in good faith. *Smith Motor-Car Co.* v. *Universal Credit Co.,* 176 *Ga.* 565 (168 S. E. 18); *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.,* 119 *Ga.* 552 (46 S. E. 634); *Rowe* v. *Spencer,* 132 *Ga.* 426 (4) (64 S. E. 468). As to previous adjudications, referred to and distinguished in the *Smith Motor-Car Co.* case, see *Hubbard* v. *Andrews,* 76 *Ga.* 177; *Peterson* v. *Kaigler,* 78 *Ga.* 464 (3 S. E. 655); *Industrial Acceptance Cor.* v. *Perry,* 37 *Ga. App.* 480 (140 S. E. 774).

2. However, just as in contests under the Code of 1933, § 39-701, providing for record of general-judgment executions, between such execution creditors and "third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property," the onus is on the third party in possession of the property to show that he acquired his interest in good faith and without actual notice of the vendor's retention of title. *Eason* v. *Vandiver,* 108 *Ga.* 109, 111 (33 S. E. 873); *Ray* v. *Atlanta Trust & Banking Co.,* 147 *Ga.* 265 (6), 272 (93 S. E. 418). In the instant trover suit by a conditional-sale vendor under an unrecorded but duly attested contract reserving title, it was error to dismiss the petition on general demurrer, since the petition showed only that the defendant was in possession, and failed to show that he had acquired an adverse interest in good faith and without notice. To assume, as argued by the defendant, that he had innocently acquired a right of possession as an automobile mechanic, would give to his pleading the effect of a speaking demurrer.

Judgment reversed. *Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 24, 1935.

338

*Albert L. Cobb,* for plaintiff. *Hester & Clark,* for defendant.