25519. C. I. T. CORPORATION *v.* COLEMAN.

DECIDED NOVEMBER 20, 1936.

*H. G. Bell,* for plaintiff in error. *W. H. Miller,* contra.

GUERRY, J. The question for decision may be stated as follows: May A, an automobile dealer in Alabama, who sells an automobile to B, a resident of Alabama, and retains title thereto under a conditional-sale contract executed in accordance with the laws of Alabama, successfully assert such title by a claim filed in a county in Georgia, where the automobile was levied on under an attachment against B while in the possession of B, who was casually

passing through such county in Georgia at the time the attachment was levied, without recording such conditional-sale contract in the county in this State where the attachment is levied; it appearing that the levy of attachment was made within four months from the time of the sale of said automobile to B, said contract of sale being valid under the laws of Alabama, which were proved in the trial of the claim, but such contract not being so witnessed at the time of levy as to be entitled to registration under the laws of Georgia? The claim in this case was filed within six months from the time of the execution of the contract in Alabama, and within a month of the time of the levy made while the automobile was casually in this State. The purchaser of the automobile, the defendant in the attachment, had not moved to Georgia, but was still a resident of Alabama. While it is true that in *Smith Motor Car Co.* v. *Universal Credit Co.,* 176 *Ga.* 565 (168 S. E. 18), it was said that the filing of a trover suit within six months after the property is brought into this State does not dispense with the necessity of recording the conditional-sale agreement within such period, that ruling was made in answer to a question where it was stated that "it was not made to appear that the conditional-sale agreement was recorded in the State where it was executed, *or* [italics ours] that it was unnecessary to record it in the State where it was executed." In *Hubbard* v. *Andrews,* 76 *Ga.* 177, it was said: "A mortgage, if valid at the place where executed, is valid everywhere; and a mortgagee of personalty in another State may follow it into this State and foreclose the mortgage in the county where it may be found. Where a mortgage on personal property was regularly made and recorded in another State, and the property having been brought into this State, the mortgagee followed it and foreclosed his mortgage in the county where the property was found, and caused it to be levied, which was done before the expiration of the time allowed for the registry of such a mortgage in this State, the foreclosure was valid as against a bona fide purchaser of the property without notice of the encumbrance, although the mortgage was not recorded in this State until after its foreclosure." In *Peterson* v. *Kaigler,* 78 *Ga.* 464 (3 S. E. 655), it was said: "A chattel mortgage executed by a resident of Alabama upon property in that State, and duly recorded there, conveyed title; and where the property was casually brought into

578

the State of Georgia and levied on by an attachment, the mortgagees could interpose a claim thereto." ·In the present case the conditional-sale contract was executed by a citizen of Alabama to a citizen of Alabama in accordance with the laws of Alabama, which were introduced in evidence at the trial. It was not recorded until February 28, 1935, eight days after the levy of the attachment; but this fact did not prevent it from being valid and binding as against third parties who were not mortgagees, judgment creditors, or purchasers bona fide and for value. The Code of Alabama, § 6898, provides that in conditional-sale contracts of personal property by the terms of which the vendor retains title until the purchase-price is paid, such conditions are void as against "purchasers for a valuable consideration, mortgages, landlords with liens, and judgment creditors without notice thereof," unless recorded. The claimant in this case had done all that was required of him under the law of Alabama to protect himself against claims of the nature asserted by plaintiff. He made it to appear that the laws of Alabama were fully complied with in reference to his retention-title contract. His conditional-sale contract would have prevailed in Alabama if claim had been filed thereunder after the levy of the attachment but before the attaching creditor became a judgment creditor. Alford *v.* Singer Sewing Machine Co., 17 Ala. App. 325 (85 So. 584). We are of the opinion that his claim should have prevailed as against the plaintiff, and that the judge erred in finding the property subject.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*