76 177
d119 554

## HUBBARD *vs.* ANDREWS & COMPANY.

1. A mortgage, if valid at the place where executed, is valid everywhere; and a mortgagee of personalty in another state may follow it into this state and foreclose the mortgage in the county where it may be found.
2. Where a mortgage on personal property was regularly made and recorded in another state, and the property having been brought into this state, the mortgagee followed it and foreclosed his mortgage in the county where the property was found, and caused it to be levied. which was done before the expiration of the time allowed for the registry of such a mortgage in this state, the foreclosure was valid as against a *bona fide* purchaser of the property without notice of the encumbrance, although the mortgage was not recorded in this state until after its foreclosure.
(a.) This case differs from those of *Douglass vs. McCrackin,* 52 *Ga.,* 596, and *Richards & Bro. vs. Myers & Marcus,* 63 *Id.,* 762.

June 1, 1886.

v 76-12

Mortgages. Liens. Vendor and Purchaser. Title. Before Judge Harris. Troup Superior Court. November Term, 1885.

Reported in the decision.

Benj. H. Bigham, by brief, for plaintiff in error.

No appearance for defendants.

Hall, Justice.

The defendant in *fi. fa.* executed a mortgage in Alabama to the plaintiff in *fi. fa.*, which in all respects conformed to the laws of that state, and was duly recorded there; a part of the mortgaged property, a mare, was brought into this state and sold to the claimant, who purchased her *bona fide* and for valuable consideration, without notice of the mortgage. Both mortgagor and mortgagee were non-residents; the mortgage was foreclosed in Troup county within less than ten days after the property was brought into the state and bought by the claimant, but it was not recorded in that county previous to the foreclosure. Upon this agreed statement of facts, by consent of parties, the case was submitted to the judge for decision without a jury, and he held the property subject to the *fi. fa.* issuing on the judgment of foreclosure of the mortgage. To this decision the claimant excepted, and brought it to this court by writ of error.

1. The principle that a mortgage, if valid at the place where executed, is valid everywhere, is too familiar and too well settled to require the citation of authorities in its support, or to admit of dispute, and in this case it was not questioned. Neither was the mortgagee's right to follow the mortgaged property into this state and to foreclose the mortgage in the county where it was found called in question; for the very point had been ruled in *Griffin & Clay vs. Marshall et al.*, 45 *Ga.*, 549. The only

difference between that and the case at bar was, that there the mortgage had been recorded in this state previously to foreclosure, and in this it had not, and that difference makes the question now presented for adjudication, viz., whether the foreclosure of a mortgage made in another state, previously to its record in this state, although the foreclosure takes place before the expiration of the time allowed for the registry of such a mortgage, is valid as against a *bona fide* purchaser of the mortgaged property who had no notice of the particular incumbrance.

2. By our Code, §1956, the mortgagor had six months within which to record his mortgage after the property was brought into the state, and if the mortgage is not recorded within that time, although it remains valid against the mortgagor, yet it is not available as against purchases made or liens created or obtained before the actual record thereof, unless such lien-holder by contract or purchaser has notice of the unrecorded mortgage. Code, §1957. The precise question here, however, is whether one who has purchased *bona fide* without notice of a mortgage which has not been recorded, but which has been foreclosed within the six months allowed for record, and where the mortgaged property has been seized under the execution issuing on the foreclosure before the expiration of that time, is protected against the mortgage; in other words, whether the lien of the mortgage thus enforced has priority over and is superior to the purchaser's title. The answer to this question, we think, must be in the affirmative.

Neither of the cases cited by the able and experienced counsel for the complainant (*Douglass vs. McCrackin*, 52 *Ga.*, 596; *Richards & Bro. vs. Myers & Marcus*, 63 *Id.*, 762) is opposed to this conclusion. In the first of these cases, the mortgagee proceeded to foreclose an unrecorded mortgage after the time in which it should have been recorded had elapsed. Pending the proceeding to foreclose, and before final judgment of foreclosure had been obtained, the mortgaged premises were sold to a *bona fide*

purchaser, who had no other notice than such as might be implied from the pending foreclosure proceedings of the existence of the mortgage; and the court held that the notice was not that required by the statute, and that the vendee of the mortgagor took an unincumbered title to the premises. In the other case, the contest was between junior judgment creditors and the liens of prior unrecorded mortgages, and although one of these mortgages was foreclosed before the judgments were rendered, preference was given, as it should have been, to the latter. This was the whole of that decision. The statute regulating the priority of liens under such circumstances makes a distinction between judgment liens and such as are created by contract and purchasers *bona fide*, and without actual notice. It is true that Bleckley, J., who delivered the opinion in this case, says, "It is not suggested that foreclosure took place within three months after the dates of the mortgages" (the time allowed for recording them); "and did that fact appear, we do not know that it would have been any substitute for the actual recording. There is no intimation in the statute that such would be its effect." It is apparent that this is *obiter*, as no suggestion was made that the fact on which the question could arise was in the case. But be this as it may, we apprehend that, if the foreclosure had taken place, and the property had been seized by the *fi. fa.* issuing therefrom before the expiration of the period prescribed by the statute for the recording, the court would have hesitated before pronouncing in favor of judgments rendered after a seizure under such a process. To hold otherwise would be to afford facilities to debtors living on the borders of the state to evade their contract by running away their property and putting it beyond the reach of process issuing from the forums of the domicile of both parties. No such inducements should be held out to dishonest debtors. In order to secure their rights, prompt action on the part of creditors is indispensable; the least

delay might not only imperil their security, but absolutely lose them the only opportunity of making their money. It does not appear from this record that the six months allowed the creditor to record his mortgage in this state had expired when this trial was had. We cannot afford to close our courts to such meritorious suitors as this creditor, and to deny them the use of our processes to obtain that to which, by the terms of their contracts, they are entitled, at least without giving them ample opportunity to appeal to us for that justice which is due to all who come or whose property is thus brought within our borders. To say nothing of the rights of citizens of other states, which we might be bound, under the federal compact, to respect, and to which, as records, we should give the same force and effect as they are entitled to in the state from which they come, to deny them the use of our court processes, under different conditions than those prescribed by our law, would be but scant comity to a neighbor.

Judgment affirmed.