## ARMITAGE–HERSCHELL COMPANY *v.* MUSCOGEE REAL ESTATE COMPANY, and *vice versa.*

A mortgage executed in another State on personalty subsequently brought into this State, but not recorded in the county where the property is brought, within the six months provided by the Civil Code, § 2726, is postponed to a purchase of the same property, made in good faith and without notice, under the foreclosure of a duly-recorded junior mortgage, although the purchase was made before the expiration of the six months allowed by law for the

senior mortgagee to record his incumbrance. *Hubbard* v. *Andrews*, 76 *Ga.* 177, and *Peterson* v. *Kaigler*, 78 *Ga.* 464, distinguished.

Argued December 17, 1903. — Decided February 16, 1904.

Trover. Before Judge Butt. Muscogee superior court. May 22, 1903.

*Charlton E. Battle*, for plaintiff, cited Story, Bail. §§ 287–8; 1 Hilliard, Mortg. 395–6; Boone, Mortg. §§ 234, 245, 251, 255; 2 Barb. 542; 54 N. Y. 23; 69 N. Y. 69; 114 N. Y. 557; 16 N. Y. S. Rep. 316; 47 N. Y. 425; 58 N. Y. 564; 119 N. Y. 526–7; 120 N. Y. 331; 4 Rev. St. N. Y. (8th ed.) 2508; 4 Duer, 107; 94 N. Y. 166; 13 Barb. 329; 81 Me. 298; 43 N. W. 791; 26 N. Y. 97; 12 Barb. 631; 38 N. Y. 153, 81 N. Y. 199; 30 N. Y. Supreme Ct. 339; Jones, Mortg. §§ 299, 460; Thom. Mortg. (1st. ed.) 467; 1 Cob. Mortg. § 475; 2 Id. 598; 3 Am. & Eng. Enc. L. (1st ed.) 190, 554; 6 Cyc. 1060, 1089, 1095; 82 *Ga.* 142; 78 *Ga.* 464; 76 *Ga.* 177; 96 *Ga.* 60; Civil Code, §§ 8, 2723, 2726, 2771–2, 3538; 28 Tex. Civ. App. 327 (66 S. W. 885); 7 Ohio, 141; 1 Disney, 229; 18 Pet. 121; 14 Pet. 253; 48 Kas. 606 (30 Am. St. R. 322); 10 N. H. 47; 12 Cush. 111; 24 Iowa, 323; 114 Mo. 255 (35 Am. St. R. 754); 44 Kas. 237 (21 Am. St. R. 274); Mech. Ag. § 915; Cool. Torts, 451; 6 Wait's Ac. & Def. 140; 7 Cyc. 72, 78, 80; 1 Abb. App. Dec. 78; 3 Keyes, 210; 43 How. Pr. 445; 2 Sweeney, 54, 218; 7 Abb. Pr. N. S. 309; 38 How. Pr. 296; 39 Barb. 390; 16 Daly, 385; 12 N. Y. Supp. 213; 34 N. Y. St. 308; 26 Abb. N. Cas. 134; 5 Duer, 434; 14 Ala. 55; 80 *Ga.* 14; 100 *Ga.* 237.

*Louis F. & Frank U. Garrard* and *W. Cecil Neill*, for defendant, cited Civil Code, §§ 3539, 3940, 3626, 4023, 5454, 5231, 5237, 2726, 2727, 2729, 2776, 2777; 3 Rev. St. N. Y. (9th ed.) 2014; 5 Am. & Eng. Enc. L. (2d ed.) 1012; 19 N. Y. 496; 52 N. Y. 187; 62 N. Y. 219; 84 N. Y. 634; 89 Ala. 588; 8 Mich. 143; 84 Mich. 30 (22 Am. St. R. 681); 7 Fed. 543; 19 Fed. 760; 23 Fed. 123; 7 Wall. 140; 93 U. S. 664; 27 *Ga.* 96; 58 *Ga.* 130; 59 *Ga.* 704; 74 *Ga.* 310, 370; 85 *Ga.* 839; 96 *Ga.* 491; 37 *Ga.* 428.

CANDLER, J. The plaintiff below was the holder of a mortgage executed in New York on personalty which was subsequently removed to Georgia, where it was again mortgaged. The Georgia mortgage was promptly recorded. The New York mortgage was

not recorded within the six months allowed by the Civil Code, § 2726, for the record of mortgages on personalty outside this State which is afterwards brought in the State. Before the expiration of six months after the property was brought into Georgia, the Georgia mortgage was foreclosed and the property was bought at the execution sale by the defendant, without notice of the existence of the New York mortgage. The New York law provides that a mortgage shall convey title, and the plaintiff accordingly brought trover to recover the property. The trial judge directed a verdict for the defendant, and the plaintiff excepted. The defendant filed a cross-bill of exceptions, complaining of certain rulings on the admission of evidence.

The effect of a statute prescribing a time limit for the recording of instruments is that if the instrument is recorded within that time, the record, and consequently the notice imported thereby, relates back to the time of the execution of the instrument. Record after the expiration of that time will not be invalid, but it is only notice from the time when the record is made, and does not relate back to the time of execution. 24 Am. & Eng. Enc. L. (2d ed.) 96, 97 ; *Anderson* v. *Dugas,* 29 *Ga.* 442. The Civil Code, § 2727, provides that "mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made, prior to the actual record of the mortgage." See also *Toomer* v. *Dickerson,* 37 *Ga.* 437 ; *Wise* v. *Mitchell,* 100 *Ga.* 614; *Lytle* v. *Black,* 107 *Ga.* 388 ; *White* v. *Interstate B. & L. Assn.* 108 *Ga.* 146. It would seem, therefore, that the failure of the plaintiff to record its mortgage in Georgia within six months after the time it was brought within the State was fatal to its claim against the defendant, which, while it bought within the six months period referred to, bought in good faith and without any notice of a prior incumbrance on the property. Had the plaintiff recorded its mortgage within the six months period, the notice implied by the record would have related back to the execution of the instrument, antedating the purchase by the defendant, and it would have of necessity prevailed in the present action. This, however, was not done; record notice was not given until long after the six months period had elapsed; and the defendant is therefore protected as an innocent purchaser without notice.

The two cases of *Hubbard* v. *Andrews,* 76 *Ga.* 177, and *Peterson* v. *Kaigler,* 78 *Ga.* 464, cited and confidently relied on by counsel for the plaintiff in error, seem at first blush to hold contrary to what is laid down in the foregoing; but a closer examination of them discloses that the conflict is more apparent than real. In *Hubbard* v. *Andrews* it was held that "Where a mortgage on personal property was regularly made and recorded in another State, and the property having been brought into this State, the mortgagee followed it and foreclosed his mortgage in the county where the property was found, and caused it to be levied, which was done before the expiration of the time allowed for the registry of such a mortgage in this State, the foreclosure was valid as against a bona fide purchaser of the property without notice of the encumbrance, although the mortgage was not recorded in this State until after its foreclosure." It appeared, however, that the foreign mortgage was foreclosed in this State within less than ten days after the property was brought in the State; and the effect of the decision rendered is nothing more or less than that such an assertion of the creditor's rights within the six months period dispensed with the necessity of giving record notice of the existence of his mortgage. Such a state of facts is not presented by the record now before us. *Peterson* v. *Kaigler* is very similar in its facts to *Hubbard* v. *Andrews,* and rests squarely upon the decision in that case; but even if that were not so, it was decided by only two Justices, and of itself is not binding on this court. It will thus be seen that the peculiar circumstances of those cases take them out of the rule of law applicable to the case now under consideration. Under the facts as presented by the record, no other verdict than one for the defendant would have been authorized by law; and it was accordingly not error for the court to so direct.

As the judgment on the main bill of exceptions is affirmed, the cross-bill will, in accordance with the usual practice, be dismissed.

*Judgment on main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concur, except Simmons, C. J., absent.*