## STEWART *v.* MUNDY *et al.*

1. Where, in correcting a bill of exceptions, or causing it to be corrected before signing, there are considerable erasures or interlineations in it or an exhibit thereto, the better practice is to require such portions of the bill of exceptions or exhibits to be rewritten, or to note the fact that the erasures or interlineations were made by the judge before signing. But where the certificate to the bill of exceptions shows that the presiding judge required counsel to make certain corrections, and in the evidence attached as an exhibit and duly identified appear certain erasures, the material ones being the striking of certain statements as to documentary evidence introduced; and where the same documents are more fully set out directly after such erasures, this will not cause a dismissal of the writ of error.

2. There was not such a failure to abbreviate the evidence in this case as necessitates a dismissal of the writ of error, especially as some of the evidence consisted of pleadings in former cases, the allegations of which were claimed to amount to admissions affecting the present case.

3. After the plaintiff had closed his case and the presiding judge had announced that he would direct a verdict for the claimants, there was no abuse of discretion in refusing to reopen the case, and to allow counsel for the plaintiff to recall a witness who had already been examined, no reason appearing why he was not fully examined when on the stand. *Bridger* v. *Exchange Bank*, 126 *Ga.* 82 (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118).

4. If in a claim case the plaintiff in fi. fa. fails to make out a prima facie case, and the claimant introduces no evidence, on motion the presiding judge should dismiss the levy or dismiss the case made by it and equitable pleadings supporting it (in the nature of a nonsuit), rather than direct a verdict for the claimant.

5. The evidence in this case was sufficient to have authorized the submission of the case to the jury under proper instructions, rather than the direction of a verdict for the claimants.

Argued July 21,—Decided November 21, 1908.

Complaint for land. Before Judge Edwards. Polk superior court. September 17, 1907.

An execution in favor of J. D. Stewart against Mrs. Lillie M. Camp, principal, and W. A. Camp, indorser, was levied on certain land, and a claim was interposed by Mundy and others. The plaintiff filed equitable pleadings in aid of his levy, in which he alleged that the land had been held first by Camp and then by his wife under bond for title, with part of the purchase-money paid; that there were transfers of the bond and also conveyances of interests or equities in the land, made for the purpose of defrauding creditors, and that the claimants took with notice. He prayed that

the land be sold, that out of the proceeds an amount which had been paid by the claimants to a third person to take up the outstanding legal title be paid to them, and that from the balance the judgment be paid, it being alleged that the value of the land was sufficient for that purpose. At the close of the plaintiff's evidence, on motion, the court directed a verdict for the claimants, and the plaintiff excepted.

*W. H. Terrell* and *Gleaton & Gleaton,* for plaintiff.

*John K. Davis* and *Mundy & Mundy,* contra.

LUMPKIN, J. Where in a claim case the plaintiff in fi. fa. fails to make out any prima facie case, and the claimants introduce no evidence, if the presiding judge, on motion, gives direction as to the disposition to be made of the case because of such failure on the part of the plaintiff, he should dismiss the levy, not direct a verdict finding the property not subject. *Barnes* v. *Carter,* 120 *Ga.* 895 (48 S. E. 387) ; *Zipperer* v. *Mayor and Aldermen of Savannah,* 128 *Ga.* 135 (57 S. E. 311) ; *Equitable Mfg. Co.* v. *Davis,* 130 *Ga.* 67 (60 S. E. 262). If the evidence introduced by the plaintiff did not merely fail to make a prima facie case, but proved unquestionably that the property levied on was not subject, perhaps a direction of a verdict to that effect might not be erroneous. But we do not think that the case here made was one of such a character. The plaintiff filed an equitable petition in support of the issue made by the levy and claim. Without discussing the evidence, as the case is to be tried again, it is sufficient to say that it did not demand a finding for the claimants, certainly not as to one of them.

This is not a case depending entirely upon the question of whether the holder of a bond for title has a leviable interest in land; but is rather a proceeding to subject property, or an interest therein, which it is contended has been fraudulently conveyed so as to conceal it from a creditor and prevent its subjection, and is held by persons taking with notice thereof. Not only has this subject been deemed of sufficient importance to be dealt with by legislation (Civil Code, §§ 2695, 2681, 2682) ; and not only has it been declared that every remedy and facility shall be afforded to creditors "to detect, defeat, and annul any effort to defraud them of their just rights" (Civil Code, § 2687), and that courts of equity (or of law, having equitable powers, and upon proper pleadings) should assist creditors in reaching equitable assets in every case where to

refuse interference would jeopard the collection (Civil Code, §2688) ; but the constitution of the State itself declares that the General Assembly "shall provide, by law, for reaching property of the debtor concealed from the creditor." Civil Code, §5728.

In some cases direction might be given to set aside the verdict and enter an order to dismiss the levy, but the facts of this case are not such as to authorize that disposition.

*Judgment reversed. All the Justices concur.*