### 13951.  BURGSTEINER *v.* STREET-OVERLAND COMPANY.

1. There being no general insistence upon all the grounds of the motion for a new trial, and the first special ground not having been argued by counsel for the plaintiff in error, that ground will be treated as abandoned.

2. For no reason assigned did the court err in admitting in evidence the notes given for the purchase price of the automobile for which the suit was brought.

3. The record shows that "one of the plaintiffs, J. N. Street, had, in behalf of his firm, gotten possession of the automobile on September 19, 1920, and thereupon the defendant swore out a possessory warrant to regain possession of the same;" and that the possessory warrant case was tried and possession of the automobile awarded to the plaintiff upon his giving bond. The bond referred to was given in terms of section 5374 of the Civil Code (1910), and described the property as "one Ford touring car, model 1917, Florida tag No. 20-B, 19912, motor No. 1,830,526." No error was committed when this bond was allowed in evidence.

4. Under the facts of the case the court properly charged the jury that the plaintiff was entitled to recover.

(a) Where a written contract for a conditional sale of personal property is to be enforced in Georgia, the mode of attestation and record of the contract will be fixed by the laws of this State.

(b) Though attestation of a written contract for the conditional sale of personalty is necessary to its being legally recorded, yet it is not essential that the attesting witness be an official, if proper probate is made.

DECIDED APRIL 11, 1923.

Trover; from city court of Valdosta — Judge Little. August 15, 1922.

Street-Overland Company, a partnership composed of J. N. Street and D. K. Clippinger, brought an action of trover against W. K. Burgsteiner, alleging in part that he was in possession of "one model 1917 Ford touring automobile, motor number 1830526;" that "plaintiffs claim title to said property by virtue of certain conditional-sale contracts or retainer-title notes made, executed and delivered to said plaintiffs by one Chas. R. Putnam in Suwanee County, State of Florida, the same being for the balance of the purchase price of said property delivered on July 13, 1920, to the said Chas. R. Putnam in Suwanee county Florida;" that "without the knowledge or consent of the said plaintiffs, and subsequent to the execution of said conditional-sale contract, the said Chas. R. Putnam removed the said property into the State of Georgia, and sold same to defendant." Defendant filed an anwer in which he denied that he was or ever had been in possession of the automobile sued for. There was a verdict for the plaintiff, and the defendant excepted.

*W. L. Cranford, Dan R. Bruce,* for plaintiff in error.

*Franklin & Langdale,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

Only the 4th headnote needs to be discussed. Under the facts

of this case the court properly charged the jury that the plaintiff was entitled to recover. While it appears from the record that the notes given by the purchaser of the automobile were not attested by any officer, they were attested by an individual, and, after proper probate, were admitted to record in Lowndes county, Georgia, where the property was located. It is provided in section 3318 of the Civil Code (1910) that "the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property." Section 3257 provides that mortgages "must be executed in the presence of, and attested by, or proved before, a notary public or justice of any court in this State, or a clerk of the superior court (and in case of real property by one other witness), and recorded." Section 3319 is as follows: "Conditional bills of sale must be recorded within thirty days from their date, and in other repects shall be governed by the laws relating to the registration of mortgages." Where the conditional-sale paper is attested by one not an officer and is properly probated,— "proved before" one of the officials named in § 3257, supra,— it has all the force and effect that it would have possessed had it been originally attested by one of said officers. "Though a reservation of title embraced in a written contract for the sale of personalty is not, as against third persons, valid unless the contract be attested by a subscribing witness, it is not, as to such persons, essential to the validity of such reservation that the witness be an official." *Hill* v. *Ludden & Bates Sou. Music House,* 113 *Ga.* 320 (1) (38 S. E. 752). In discussing the case from which we have just quoted, Presiding Justice Lumpkin said (p. 322) : "Attestation is certainly indispensable. See *Harp* v. *Guano Co.,* 99 *Ga.* 752. But the conclusion that official attestation is not absolutely requisite is, in our judgment, not only consistent with justice but, upon a proper view of the statutory provisions bearing on the subject, well founded." See *Merchants & Mechanics Bank* v. *Cottrell,* 96 *Ga.* 168 (2, 3) (23 S. E. 127). As to the "mode of acknowledgment and registry," the laws of Georgia were complied with, and that is sufficient in this case. See, in this connection, *Cunningham* v. *Cureton,* 96 *Ga.* 492 (23 S. E. 420), where the Supreme Court quotes from Mr. Wharton's work on the Conflict of Laws, as follows: "It is scarcely necessary to say that where the *lex situs* makes the validity of a docu-

ment to depend upon a certain mode of acknowledgment and registry, these conditions must be complied with." The note reserving title having been attested and, after probate, recorded in the county in Georgia where the property was located, the direction of a verdict in favor of the plaintiff in the trover suit,— the amount thereof having been left for determination by the jury,— was not error.

Section 5926 of the Civil Code of 1910, is as follows: "Where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, the court may direct the jury to find for the party entitled thereto." In *Shedd* v. *Standard Sewing Machine Co.*, 21 *Ga. App.* 373 (2) (94 S. E. 646), this court, quoting from *Skinner* v. *Braswell*, 126 *Ga.* 761 (55 S. E. 914), held: "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." In the case under consideration we do not think there are such material conflicts in the testimony as would require the question of the right of the plaintiff to recover to be submitted to the jury. The plaintiff sold the property in Florida to Putnam, and took notes retaining the title; the property was brought into Georgia; the notes were properly recorded in the county in Georgia where the property was located, within six months after it was brought into this State, and the proof of these things required a finding for the plaintiff, the amount of the verdict being left to the jury.

But the defendant contends that he bought the property without notice and before the notes containing the retention of title were recorded, and even before they could have been legally recorded in Georgia, because of lack of probate. This can make no difference under the laws of Georgia. A purchaser of personal property brought into this State from another State buys it under the law that allows the holder of the mortgage on the property or of a note in which title to it is retained, to be recorded within six months after the property is brought into this State. In *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.*, 119 *Ga.* 552

(46 S. E. 634), Justice Candler said: "The effect of a statute prescribing a time limit for the recording of instruments is that if the instrument is recorded within that time, the record, and consequently the notice imported thereby, relates back to the time of the execution of the instrument. . . Had the plaintiff recorded its mortgage within the six months period, the notice implied by the record would have related back to the execution of the instrument, antedating the purchase by the defendant, and it would have of necessity prevailed in the present action." In *Malone & Grant Co.* v. *Hammond*, 6 *Ga. App.* 114 (64 S. E. 666), the facts were about as in this case, except that the mortgage given in Alabama before the property was brought into Georgia was never recorded in this State, and in that case this court said (p. 119) : "The defendants not having recorded their mortgage within six months, as provided by our code section, supra, and, the plaintiff having bought the mule in good faith in the State of Georgia from one who had possession of it and who claimed title thereto, the plaintiff must be protected as an innocent purchaser without notice." In addition to what has been previously said it is also held in *North* v. *Goebel*, 138 *Ga.* 739 (76 S. E. 46), that the same rule which applies to the recording of mortgages applies to conditional bills of sale in which title is reserved.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*