14957.  DECATUR COUNTY BANK *v.* THOMASON.

The amendment of the claim affidavit and bond was properly allowed.

The ruling made by this court, on review of a former trial of this case, that the plaintiff in execution failed to make out a prima facie case, was the law of the case on the trial now under review, the evidence on both trials being substantially the same.

In a claim case, where the plaintiff in execution assumes the burden of proof and fails to make out a prima facie case, and no evidence is introduced by the claimant, the presiding judge should not direct a verdict finding the property not subject, but should dismiss the levy or the case made by it.

As it was shown that some of the hogs levied on and claimed in this case were subject (though the evidence is silent as to which or how many of them), the judgment is affirmed with direction that if the plaintiff in execution so desires, the verdict directed be vacated, and a judgment dismissing the levy or the case made by it (which is tantamount to a nonsuit), be entered when the remittitur is made the judgment of the trial court.

DECIDED DECEMBER 5, 1923.

Levy and claim; from city court of Bainbridge—Judge Spooner. July 23, 1923.

The motion to dismiss the claim was on the ground that the case stated in the claim affidavit and bond was not the case shown by the execution, the execution being in favor of the Decatur County Bank, and the claim affidavit and bond stating that the execution was in favor of the First National Bank. The court allowed an amendment substituting the name of the Decatur County Bank for that of the First National Bank.

*H. G. Bell,* for plaintiff.

*Hartsfield & Conger,* contra.

BROYLES, C. J. 1. Under the provisions of sections 5706 and 5707 of the Civil Code of 1910, which respectively declare that all affidavits for the foreclosure of liens, and all affidavits that are the foundation of legal proceedings, are amendable to the same extent

as ordinary declarations and pleas, and that all bonds lawfully taken in a judicial proceeding may be amended and new security given if necessary, the court did not err in refusing to dismiss, on motion of counsel for the plaintiff in fi. fa., the claim interposed, or in thereafter allowing the claimant to amend his claim affidavit and bond. See also, in this connection, *Veal* v. *Perkerson,* 47 *Ga.* 92 (3), 97; *Lee* v. *Mills,* 69 *Ga.* 740.

2. When this case was formerly before this court it was held: "In the trial of the instant claim the plaintiffs in fi. fa. specifically assumed the burden of proof. The burden was carried so far as it showed, without dispute, that the mortgagor had title to the mortgaged property at the time the mortgage was executed. *Morris* v. *Winkles,* 88 *Ga.* 717 (1), 719 (15 S. E. 747); *Jones* v. *Hightower,* 117 *Ga.* 749 (2), 751 (45 S. E. 60). As to the main issue, relative to whether or not the property levied on was that included and described in the mortgage, the plaintiff offered in evidence its mortgage, the execution, and the entry of levy thereon, which showed prima facie that the property levied upon was the same as that described in the mortgage. *The plaintiff, however, by its own testimony, went further and showed the actual incorrectness of the return.* [Italics ours.] The levying officer testified for the plaintiff that 'the levy specifies that the hogs were all marked with a split in the right ear, but some of the hogs levied on were not marked.' The defendant in fi. fa., also testifying for the plaintiff, swore that while some of the original hogs included in the mortgage had died, 'I wanted Mr. Jones [plaintiff in fi. fa.'s vice-president and cashier] to have his money, and I picked out the best hogs I had, except three which belonged to my children, and I told Mr. Jones that I would include these hogs, hog for hog, of like kind and of the same breed.' The evidence for the claimant was to the same effect, but failed to show definitely which of the hogs were marked and which were not. The verdict finding all of the property subject to the fi. fa. was therefore without evidence to support it." *Thomason* v. *Decatur County Bank,* 28 *Ga. App.* 422 (3) (111 S. E. 578).

3. On the trial now under review the claimant did not introduce any evidence, and the court, at the conclusion of the evidence adduced in behalf of the plaintiff in fi. fa., which was substantially the same as that introduced upon the former trial, directed the jury

to find the property not subject. This was error, since the previous ruling by this court, to the effect that the plaintiff in fi. fa. failed to carry the burden specifically assumed by it, became the law of the case; and it is well settled that, if in a claim case the plaintiff in fi. fa. fails to make out a prima facie case and the claimant introduces no evidence, the presiding judge should not direct a verdict finding the property not subject, but should either dismiss the levy or the case made by it. *Stewart* v. *Mundy,* 131 *Ga.* 586 (4), 587 (62 S. E. 986), and authorities there cited.

4. However, as the plaintiff in fi. fa., although it failed to carry the burden specifically assumed by it, to wit, of showing that *all* of the property levied upon was subject, did show that some of the hogs (though the evidence is silent as to which or how many of them) were subject, the judgment will not be reversed, but direction is given that, if the plaintiff in fi. fa. so desires, the verdict directed be vacated, and a judgment dismissing the levy or the case made by it (which is tantamount to a nonsuit), be entered when the remittitur is made the judgment of the trial court. See, in this connection, *Zipperer* v. *Savannah,* 128 *Ga.* 135 (4) (57 S. E. 311).

*Judgment affirmed, with direction. Luke and Bloodworth, JJ., concur.*