20202.   EDMONDS SHOE COMPANY *v.* COLSON, admr.

DECIDED MARCH 5, 1930.

*S. C. Townsend,* for plaintiff.   *Cowart & Cowart,* for defendant.

BLOODWORTH, J.   (After stating the foregoing facts.) ■
Under the facts of this case the court properly allowed the claim

bond amended, the bondsman being in court and consenting thereto. See Civil Code (1910), § 5707; *Lee* v. *Mills,* 69 *Ga.* 740 (1); *Decatur County Bank* v. *Thomason,* 31 *Ga. App.* 299 (1) (120 S. E. 642); *Peyton* v. *Peyton,* 31 *Ga. App.* 470 (1) (120 S. E. 689), and cases cited.

■ The court properly dismissed the levy. Section 6022 of the Civil Code of 1910 is as follows: "All executions must follow the judgment from which they issued, and describe the parties thereto as described in such judgment." The parties named in the execution are "Colson & Colson and J. E. Colson." The firm Colson & Colson is named in the execution, but the individual names of the firm are not given, so it is presumed that these names are not mentioned in the judgment. Where a judgment is against a firm, such as Colson & Colson, and nothing more appears, the judgment is presumed to be a good and regular judgment against the firm, and it is good against the member of the firm served. Before a judgment could be obtained against the firm it would be necessary that one of them be served, yet there is no presumption that any particular member of the firm was served. In this State, where any one member of the firm is served the partnership is bound, but only the member served is individually bound. In *Ferry* v. *Mattox,* 2 *Ga. App.* 104 (1) (58 S. E. 291), it was held: "A judgment against a copartnership binds not only the partnership property, but also the individual property of each member of the same who has been served with the process; but it does not bind, and execution issuing thereon can not be levied on, the individual property of one not served. *Ells* v. *Bone,* 71 *Ga.* 469." There is nothing in the record to show that Zack Colson was served in the suit against said firm, and therefore his individual property is not bound by the judgment.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*