SMITH MOTOR CAR CO. *et al. v.* UNIVERSAL CREDIT CO.

No.  8867.  FEBRUARY 23, 1933.

*Alec Harris,* for plaintiffs in error.

*Wright & Covington,* contra.

ATKINSON, J.  "When personal property is sold and delivered with the condition affixed to the sale that the title is to remain in the vendor until the payment of the purchase-price, such reservation of title is invalid as to third parties, unless the contract embracing the same is reduced to writing, duly attested, and recorded as prescribed by law." *Penland* v. *Cathey,* 110 *Ga.* 431 (35 S. E. 659); *Farmers Bank of Doerun* v. *Avery,* 145 *Ga.* 449 (89 S. E. 409); Civil Code (1910), §§ 3318, 3319.  Where property sold under such a contract is delivered to the vendee without complying with all the above-mentioned requirements, the title will as matter of law be held to have passed unconditionally to the vendee as against third parties acquiring a valid judgment against the vendee (*Farmers Bank of Doerun* v. *Avery,* supra), or a purchaser from the vendee. *Rowe* v. *Spencer,* 132 *Ga.* 426 (64 S. E. 468). Such an instrument is not a mortgage. *Wynn* v. *Tyner,* 139 *Ga.* 765 (78 S. E. 185). Contracts of the character above mentioned, in order to be binding as against third parties, "must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages." Civil Code, § 3319.

Mortgages on personalty must be recorded "in the county where the mortgagor resided at the time of its execution, if a resident of this State. If a non-resident, then in the county where the mortgaged property is. If a mortgage be executed on personalty not within the limits of this State, and such property is afterwards brought within the State, the mortgage shall be recorded according to the above rules within six months after such property is so brought in." Civil Code, § 3259. The case of *Rowe* v. *Spencer,* supra, involved a contract between parties residing in this State, for the sale of personal property in this State, with reservation of title in the vendor until the purchase-price should be paid, and a sale by the vendee to a third party. The action was between the original vendor and the third party. This court held: "The title of one who buys and pays for personal property held by his vendor under a conditional contract of sale, which has never been recorded, and of which he has no notice, is unaffected by such conditional contract of sale. And this is true although subsequently thereto he may have notice of the contract of conditional sale within the time the law gives for its record, where the bill of sale is not properly recorded within such time." *Rowe* v. *Spencer,* supra. In the opinion it was said: "A conditional sale, in order to affect innocent third parties, must be in writing, and recorded within thirty days from its date in the county of the residence of the maker. If not so recorded, purchasers of the property from the vendee, without notice of the retention of title by the vendor, will get a good title. If properly recorded within thirty days, one who purchases from the vendee before actual record buys subject to the rights of the original vendor of the property. It is only where such paper is properly recorded within thirty days from its execution that the constructive notice which arises from its record relates back to the time of its execution."

If, as here ruled, after-acquired notice by the third party within the time required by law (thirty days) for record of the original contract of sale would not dispense with record as requisite to make the notice relate so as to affect constructively the third party at the time of his purchase, by analogy the institution of trover by the original vendor in the instant case, in virtue of his reservation of title contract executed in another State having reference to personal property in that State, would not dispense with record in this State

within the time required by law (six months) after the property is brought into this State as requisite to affect the third party who without notice purchased the property in this State prior to the action of trover instituted within six months after the property was brought into this State. The case differs in its facts from *Hubbard* v. *Andrews*, 76 *Ga.* 177, which involved a chattel mortgage which was duly recorded in the State where it was executed and where the property was at the time the paper was executed. That case was followed in *Peterson* v. *Kaigler*, 78 *Ga.* 464 (supra) —by two Justices, and in *Industrial Acceptance Corporation* v. *Perry*, 37 *Ga. App.* 480 (supra). In connection with these cases see: 5 R. C. L. 399, § 21; 24 R. C. L. 453, § 750; Toronto State Bank *v.* Kash, 106 Kan. 713 (189 Pac. 960) ; Motor Inv. Co. *v.* Breslauer, 64 Cal. App. 230 (221 Pac. 700) ; Turnbull *v.* Cole, 70 Colo. 364 (201 Pac. 887, 25 A. L. R. 1149). The ruling here made accords with the decision in *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.*, 119 *Ga.* 552 (supra), in which a bona fide purchaser of personal property after it was brought in this State was afforded priority over a chattel mortgage executed and recorded in the State from which the property was brought, but was not recorded in this State. In response to the question propounded by the Court of Appeals the answer is given that in the circumstances set forth in the question "the filing of the suit within six months after the property is brought within this State" does not "dispense with the necessity of recording the conditional-sale agreement within such period."

*All the Justices concur.*