26434. MORRIS PLAN BANK *v.* GINN *et al.*

DECIDED NOVEMBER 9, 1937.

*Rupert A. Brown,* for plaintiff in error.

*Eugene A. Epting,* contra.

MACINTYRE, J. This is a contest as to priority between an attachment and a conditional-sale contract. The verdict was in favor of the plaintiffs in attachment who are defendants in error here. The attachment, issued on February 17, 1936, was sued out by Ginn's Garage against M. Lovell, and was duly levied on the car in question. On March 3, 1936, the Morris Plan Bank of Virginia, as transferee of Larry Moore Inc., of Virginia, filed a claim based upon a conditional-sale contract transferred to them by Larry Moore Inc. C. P. Ginn, one of the plaintiffs in attachment, testified that there was a wreck near Athens, Georgia, in which the Plymouth car in question and a Chevrolet car were damaged, and both were put in the plaintiffs' garage or repair shop on the instruction of M. Lovell, who promised to pay for the repairs to both cars; and that he referred to the Plymouth car as "my car" at the time he was making the trade for the repairs. The

claimant put in evidence a conditional-sale contract signed by Mrs. M. Lovell as purchaser, and by D. Larry Moore Inc. as seller, dated May 22, 1935, stating that the title should remain in the seller until all amounts were fully paid in cash. Also, the assignment by Larry Moore Inc. to the Morris Plan Bank. The contract and the assignment were recorded in the clerk's office of the superior court of Clarke County, Georgia, on March 14, 1936, after the attachment had been levied, but before the plaintiff had become a judgment creditor. The claimant introduced also the cashier of the Morris Plan Bank of Virginia, who testified that while the original note which the conditional bill of sale was given to secure was for $481.20, certain payments were made thereon, which reduced it to $349.55. It was admitted that the law of the State of Virginia with reference to conditional-sale contracts of motor vehicles, their registry with the Division of Motor Vehicles of the Commonwealth of Virginia, and the effect thereof, was as follows: "The division, upon receiving an application for a certificate of title to a motor vehicle, trailor, or semi-trailor, showing liens or encumbrances upon said motor vehicle, trailor, or semi-trailor, shall, upon issuing to the owner thereof a certificate of title therefor, show upon the face of the certificate of title all liens or encumbrances disclosed by such application. All such liens or encumbrances shall be shown in the order of their priority, said priority being according to the information contained in such application. . . Said certificate of title, when issued by the division, showing a lien or encumbrance, shall be deemed adequate notice to the commonwealth, creditors, and purchasers that a lien against the motor vehicle exists, and the recording of such reservation of title, lien, or encumbrance in the county or city wherein the purchaser or debtor resides or elsewhere is not necessary and shall not be required, and motor vehicles, trailors, or semi-trailors, registered under this act shall not be subjected to, but shall be exempt from, the provisions of sections fifty-one hundred and eighty-nine and fifty-two hundred and twenty-four of the Code of Virginia, as amended, nor shall recordation of such lien in any other place for any other purpose be required, and shall have no effect. Provided, that if such registration of a lien or encumbrance upon a new motor vehicle, new trailor, or new semi-trailor, be done within ten days from the time application for cer-

tificate of title for same has been received by the division, it shall be as valid as to all persons whomsoever, including the commonwealth, as if such registration has been done on the day such lien or encumbrance was acquired."

The plaintiff in attachment put in evidence an exemplified copy of a certificate of title to a motor vehicle, issued by John Q. Rhodes Jr., Director Division of Motor Vehicles of the Commonwealth of Virginia, to M. Lovell, covering the automobile levied on and claimed. Said certificate, among other things, declared "that the applicant has stated under oath that the said motor vehicle is subject to the following liens:

| Amount | Kind | Date | Favor of |
|--------|------|------|----------|
| $481.20 | C/S | 5/21/35 | Morris Plan Bank, Portsmouth, Va." |

The plaintiff also put in evidence an exemplified copy of application for certificate of title in the name of M. Lovell, covering the car levied on and claimed, stating that M. Lovell was the owner, and said application was signed by M. Lovell. Also, an exemplified copy of a dealer's application in the name of Larry Moore Inc., covering the automobile levied on, and the assignment of title and notice of sale to M. Lovell, May 21, 1935, with a transfer of the conditional-sale contract, dated May 22, 1935, in the amount of $481.20, in favor of Morris Plan Bank of Portsmouth, Virginia. Mrs. M. Lovell was the only witness who testified as to whether the automobile was casually in Georgia, or as to the time when the car was brought into Georgia, which determined whether the retention of title was recorded within six months after the car was in Georgia. She testified: "I reside in Norfolk, Virginia, which is my home residence, but I do business in Portsmouth, Virginia. In May, 1935, I bought a Plymouth coupé automobile [the car in question] from Larry Moore Inc., of Portsmouth, Virginia. In February, 1936, while I was passing through Athens, Georgia, and while my son was driving my automobile, he had a collision with another automobile. . . At the time of the wreck I had been in Georgia only three days. I was merely passing through Georgia on my way to Virginia, my home. I was not a resident of Georgia at that time. I am not now a resident of Georgia. . . I purchased said automobile. I signed the contract. I bought a Virginia license in my name for

said automobile, and it was on said automobile when it was wrecked. . . At the time of the collision I had been in Georgia only three days, and was on my way to another State. . . I made the payments to the Morris Plan Bank of Portsmouth, Virginia, on the contract for the purchase of it. At the time I brought this automobile to Georgia I had paid on said contract the following amounts [giving the amounts and the dates of payment, one of $26.65 on September 21, 1935, and one of $26.65 on January 6, 1936]. There were no payments past due on this automobile when I came to Georgia with it." The attachment issued on February 17, 1936, the conditional-sale contract was recorded on March 14, 1936. If, as she testified, Mrs. Lovell paid $26.65 on January 6, 1936, and before she came to Georgia, the contract was necessarily recorded within six months after it was brought into the State. It was also less than six months between the time of either of the above-stated payments, and the recording of the conditional-sale contract in Clarke County, Georgia, which record was made after the issuing of the attachment and levy, but before judgment thereon.

The plaintiff in attachment contends that the Mrs. M. Lovell, who signed the conditional-sale contract, was the same person as M. Lovell, who made the application to the Virginia commission for a certificate of title, and that the signature to the defendant's answer in attachment, reading "Mr. M. Lovell," was in the same handwriting as the depositions signed "Mrs. M. Lovell." Assuming that this is true, and further assuming, if you will, that Mrs. M. Lovell was liable for the repairs in question, then we would have the evidence showing that Mrs. M. Lovell, who at the time of the purchase of the car in Virginia was a resident of that State, and who had been such continuously since buying it in Virginia and registering it there according to the laws of Virginia, and that nine months later, while she still lived in Virginia, the car was in a wreck in the State of Georgia, then if, as she testified, at the time of the wreck the car was only casually being brought through Georgia, the claimant should prevail under the rule of law as stated in *C. I. T. Corporation* v. *Coleman*, 54 *Ga. App.* 576 (188 S. E. 585): "Where a retention-title contract executed in Alabama on personal property is valid and binding against all persons except bona fide purchasers for

a valuable consideration, mortgagees, landlords with liens, and judgment creditors, although not recorded, such contract is likewise valid and binding in Georgia; and where such personal property is brought casually through this State and is attached in a county of this State, the holder of such retention-title contract may file claim thereto before judgment, and should prevail over such attaching creditor. The court erred in finding the property subject to the attachment." On the other hand, if the car was not brought into this State casually, and if the conditional-sale contract was executed on property not within this State, and was afterwards brought within this State, and it was recorded in the county where the personal property was, within six months after such property was so brought, the conditional-sale contract would prevail. Code, § 67-108. For the notice implied by the record would, under said section, have related to the execution of the instrument antedating the lien of the plaintiff, even though the recording did not take place until the attachment had been issued and levied, but before the attachment creditor became the judgment creditor. *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.,* 119 *Ga.* 552, 554 (46 S. E. 634). Conditional-sale contracts on personalty, in order to be binding as against third parties, "'must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages.' Civil Code, § 3319 [Code of 1933, § 67-1403]. Mortgages on personalty must be recorded 'in the county where the mortgagor resided at the time of its execution, if a resident of this State. If a non-resident, then in the county where the mortgaged property is. If a mortgage be executed on personalty not within the limits of this State, and such property is afterwards brought within. the State, the mortgage shall be recorded according to the above rules within six months after such property is so brought in.' Civil Code, § 3259 [Code of 1933, § 67-108]." *Smith Motor-Car Co.* v. *Universal Credit Co.,* 176 *Ga.* 565 (168 S. E. 18). "The effect of a statute prescribing a time limit for the recording of instruments is that if the instrument is recorded within that time, the record, and consequently the notice imported thereby, relates back to the time of the execution of the instrument. Record after the expiration of that time will not be invalid, but it is only notice from the time when the

686

record is made, and does not relate back to the time of execution." *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.,* supra. It seems to us that there is no conflict in the evidence as to the time the car has been in Georgia, and that from all of the reasonable deductions and inferences therefrom, the conditional-sale contract should prevail, and the claim of the seller in the conditional-sale contract should have been sustained.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*