## 26679. GEORGIA POWER COMPANY v. MOODY.

DECIDED JULY 15, 1938. REHEARING DENIED JULY 27, 1938.

*MacDougald, Troutman & Arkwright, J. B. Moore, Dudley Cook,* for plaintiff in error.

*Ulmer & Dowell,* contra.

FELTON, J. Mrs. Lillie Moody sued the Georgia Power Company for damages. Her petition alleged that she had signed a release of liability of the company, the consideration for which

was a credit of $200 on an electric refrigerator bought by her from the company; that she was not mentally or physically capable of executing the release, and that it was not her voluntary rational act; and that she had tendered, and then tendered, back to the company, the allowance of $200. The case was tried twice, and the judgments were reversed by this court twice. *Georgia Power Co.* v. *Moody,* 51 *Ga. App.* 926 (18 S. E. 812) ; 55 *Ga. App.* 621 (190 S. E. 926). Upon the call of the case for the third trial the plaintiff offered an amendment to her petition, which was allowed over objections. General and special demurrers to the petition as amended were filed, and were overruled. A plea of res judicata also was overruled.

■ The general demurrer to the petition as amended was properly overruled. The original petition alleged that the credit allowed was tendered back to the defendant. The amendment alleged that the petitioner was not mentally capable of executing the release, and that such fact was known to the defendant. In event of proof of the allegation in the original petition, or those in the amendment, the suit would be maintainable. There was no objection or demurrer which set up the contention that the amendment or any part of it sought to add a new cause of action or new reason why the petitioner was not bound by her signed release. Therefore that question is not here for consideration.

■ The plea of res judicata was properly overruled. The reversal of the judgment, by reason of which a new trial is granted, leaves the case open for trial in the court below. The rulings made by this court on questions of law as applied to the facts on the two former trials are binding on the trial court only if the facts are the same or similar on another trial. These rulings do not finally adjudicate any of the questions presented. The evidence may be entirely different on another trial. *Studdard* v. *Hawkins,* 139 *Ga.* 743 (78 S. E. 116) ; *Bass Dry Goods Co.* v. *Granite City Manufacturing Co.,* 116 *Ga.* 176 (3) (42 S. E. 415). *Mayor &c. of Monroe* v. *Fidelity & Deposit Co.,* 50 *Ga. App.* 865 (178 S. E. 767). Cases cited involving final judgments by lower courts, affirmed by appellate courts, are not applicable to the present situation. What is said above applies to the objections to the allowance of the amendment.

■ The following special demurrers should have been sustained :

254

(1) To that part of paragraph 1 of plaintiff's amendment which alleged that "plaintiff further shows that she received nothing for the execution of said release, and that there was nothing for her to tender back to said defendant," for the reason that the petition alleged that petitioner received a credit of $200; and the above allegation is a conclusion of the pleader and a contradiction of the admitted receipt of the credit. (2) To that part of the amendment which alleges that "petitioner further shows that she was given no receipt or memorandum of said alleged allowance of credit of $200 upon said account," for the reason that a receipt or memorandum is not prerequisite to the giving of such credit. (3) To that part of the amendment which alleged "that she therefore received nothing from the defendant which she could tender back, and that for the reasons stated no tender was possible by or required of her," for the reason that the allegation is a conclusion, argumentative, and contradicting the allegation that the credit was received. (4) To that part of the amendment which alleged "that at the time of her said injury and continuously ever since thereafter petitioner did not have, and never since has had, the sum of $200 or any material part thereof with which to make tender of the sum recited in said release, and that she was not able to borrow the same; therefore tender of the sum was impossible," for the reason that the allegations are irrelevant and immaterial, in that the fact that petitioner did not have or could not borrow $200 would not excuse a proper tender of the benefits she received under the release. The same applies to the demurrer to that part of the amendment which alleged "that said consideration was not paid to her, that she did not have and could not obtain the sum of $200 to make tender to the said defendant of something which she had never received." (5) To that part of the amendment which alleged that, "as further evidence of good faith on her part, petitioner shows that she tendered the said electric refrigerator to R. G. McGarrity," etc., for the reason that the allegation is irrelevant, immaterial, and nothing more than argument. (6) To that part of the amendment which alleged, "for which said sum no receipt or memorandum of credit was ever given to petitioner, or to any one else authorized to receive the same for her," for the reason that the allegation is irrelevant and immaterial, as heretofore stated.

There is no merit in the other ground of special demurrer. The court did not err in overruling the general demurrer to the petition, the plea of res judicata, the objections to the allowing of the plaintiff's amendment, and ground 3 of the special demurrer to the petition as amended. The court erred in overruling grounds 2, 4, 5, 6, 7, 8, and 11 of the special demurrer to the petition as amended. Judgment is rendered accordingly.

Judgment on general demurrer, plea of res judicata, objections to allowance of amendment, and overruling ground 3 of the special demurrer affirmed. Judgment overruling special demurrers 2, 4, 5, 6, 7, 8, and 11 reversed.. Under the ruling of the Supreme Court in answer to a certified question by this court, *Georgia Power Co.* v. *Moody,* 186 *Ga.* 343 (197 S. E. 844), Stephens, P. J., is disqualified. MacIntyre, J., has been designated to act in his stead.

*Judgment affirmed in part and reversed in part. Sutton and MacIntyre, JJ., concur.*