## MIZE v. PASCHAL.

CANDLER, Justice. 1. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. In other words, there is no error in directing a verdict which is the inevitable and only legal result of the pleadings and the evidence. *Hooks* v. *Frick & Co.,* 75 *Ga.* 715; *City of Abbeville* v. *Jay,* 205 *Ga.* 743 (55 S. E. 2d, 129), and cases cited.

2. Where personal property is sold and delivered with the condition affixed to the sale that the title is to remain in the vendor until payment of the purchase-price, such reservation of title is invalid as to third parties, unless the contract embracing the same is reduced to writing, duly attested, and recorded as prescribed by law. Code, §§ 67-1401, 67-1402; *Penland* v. *Cathey,* 110 *Ga.* 431 (35 S. E. 659); *Farmers Bank of Doerun* v. *Avery,* 145 *Ga.* 449 (89 S. E. 409). The institution of a trover suit, within the statutory period of thirty days for the record of such instruments, by the original vendor against a third party who has acquired the property so conveyed from his vendee for a valuable consideration and without actual knowledge of the title reservation, does not dispense with the necessity of duly recording the contract; and it is a settled rule of law that, in the absence of such record, the plaintiff vendor is not entitled to prevail against one who acquired the property in good faith and for a valuable consideration. *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.,* 119 *Ga.* 552 (46 S. E. 634); *Smith Motor Car Co.* v. *Universal Credit Co.,* 176 *Ga.* 565 (168 S. E. 18); *Northern Finance Corp.* v. *Hollingsworth,* 52 *Ga. App.* 337 (183 S. E. 73).

3. Under the rules stated in 1 and 2 above, the evidence in the present case, as it is shown by the accompanying statement of facts, demanded a finding in favor of the defendant, and the court therefore did not err, as the plaintiff in error contends, in directing the verdict complained of.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*

WYATT, Justice, dissenting. I do not consider this to be a case in equity, and therefore this court has no jurisdiction of the same, but it is a case for the consideration of the Court of Appeals.

No. 16873. NOVEMBER 16, 1949.

*Joseph E. Webb,* for plaintiff.
*R. C. Whitman* and *Lula G. Whitman,* for defendant.