34984.   SIMMONS *v.* SPRINGFIELD ATLANTIC BANK.

NICHOLS, J.   1. The manner of attestation and recording of a contract of conditional sale which is to be enforced in Georgia is fixed by the law of this State. *Cunningham* v. *Cureton,* 96 *Ga.* 489 (3) (23 S. E. 420); *Burgsteiner* v. *Street-Overland Co.,* 30 *Ga. App.* 140 (4a) (117 S. E. 268); *Olmstead* v. *Carolina Portland Cement Co.,* 30 *Ga. App.* 126 (2) (117 S. E. 255), s. c., affirmed, 157 *Ga.* 669 (121 S. E. 687).

2. If personal property is bought in another State under a contract of conditional sale and is brought into Georgia by a nonresident, the seller, to maintain his title against third parties, must, within six months after the property is brought into this State, record his contract in the county in which the property is located. Such recording is considered to have been in effect from the time the contract was executed. Code § 67-108; *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.,* 119 *Ga.* 552, 554 (46 S. E. 634); *Morris Plan Bank* v. *Ginn,* 56 *Ga. App.* 681 (193 S. E. 783). It is immaterial that the contract was not recorded in the State where it was executed. *Jones* v. *Andrews,* 89 *Ga. App.* 734 (81 S. E. 2d 304), affirmed, 210 *Ga.* 706; *Hampton* v. *Universal Credit Co.,* 59 *Ga. App.* 568 (1 S. E. 2d 753); *C. I. T. Corp.* v. *Coleman,* 54 *Ga. App.* 576 (188 S. E. 585).

3. In the present case, a mechanic sought to foreclose his lien for repairs upon an automobile brought into this State from Florida and left in the mechanic's possession. The claimant, as assignee of the seller, asserted title to the automobile by virtue of a contract of conditional sale executed in Florida and recorded, within six months after the automobile was brought into this State by a nonresident, in the county where the automobile was located. The court did not err in directing a verdict for the claimant.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED JUNE 15, 1954.

*Fred T. Lanier, Robert S. Lanier,* for plaintiff in error.
*George M. Johnston,* contra.