36029. HOME FINANCE COMPANY *v.* UNITED MOTOR SALES.

DECIDED APRIL 4, 1956.

*Claud R. Caldwell,* for plaintiff in error.

*Henry J. Heffernan, Max Rubenstein,* contra.

NICHOLS, J. 1. On the first trial of this case, the claimant admitted a prima facie case. This admission admitted that the plaintiff in fi. fa. was a bona fide purchaser of the conditional-sale contract, and necessarily admitted its proper execution and recordation in Richmond County, Georgia; otherwise the plaintiff in fi. fa. could not have had a prima facie case. On the second trial, the plaintiff in fi. fa. assumed the burden of proof and the admissions by the claimant on the previous trial were not binding. *Georgia Power Co.* v. *Moody,* 58 *Ga. App.* 252 (198 S. E. 342).

2. The trial court sustained the claimant's motion to strike from the mortgage foreclosure affidavit a copy of the conditional-sale contract, and sustained the objections of the claimant when the plaintiff in fi. fa. offered the original and a duplicate-original of the conditional-sale contract in evidence.

"Where a written contract for a conditional sale of personal property is to be enforced in Georgia, the mode of attestation and record of the contract will be fixed by the laws of this State." *Burgsteiner* v. *Street-Overland Co.,* 30 *Ga. App.* 140 (4a) (117 S. E. 268); *Simmons* v. *Springfield Atlantic Bank,* 90 *Ga. App.* 263 (83 S. E. 2d 56). "Where a paper which the law requires shall be attested as a mortgage on personalty in order to admit it to record, was not attested at all, the actual record of it was notice to nobody." *Cunningham & Co.* v. *Cureton,* 96 *Ga.* 489 (2) (23 S. E. 420). An unattested conditional-sale contract is good between the parties, or between the maker and a transferee. *Bank of Ringgold* v. *West Publishing Co.,* 61 *Ga. App.* 426 (6 S. E. 2d 598). However, as to third parties, the Supreme Court said in the case of *Mize* v. *Paschal,* 206 *Ga.* 189 (2) (56 S. E. 2d 266): "Where personal property is sold and delivered with the condition affixed to the sale that the title is to remain in the vendor until payment of the purchase-price, such reservation of title is invalid as to third parties, unless the contract embracing the same is reduced to writing, duly attested, and recorded as prescribed by law." See also *Smith Motor Car Co.* v. *Universal Credit Co.,* 176 *Ga.* 565 (168 S. E. 18).

Therefore, in the present case, where the burden of proof was on the plaintiff in fi. fa., and where the evidence shows without contradiction that the conditional-sale contract was not properly attested, and where the recording of such contract amounted to nothing, the question of whether or not the trial court erred in sustaining the claimant's motions with respect to the contracts is immaterial, since the judgment dismissing the levy (which amounts to a nonsuit) would still have been demanded. *Stewart v. Mundy*, 131 *Ga.* 586 (4) (62 S. E. 986); *Decatur County Bank v. Thomason*, 31 *Ga. App.* 299 (120 S. E. 642).

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. The conditional-sale contract in this case was foreclosed in Georgia within six months from the date the property was brought into Georgia. I think the case should be controlled by the ruling in *Hubbard v. Andrews & Co.*, 76 *Ga.* 177, but the Supreme Court in *Smith Motor Car Co. v. Universal Credit Co.*, 176 *Ga.* 565 (168 S. E. 18), distinguished the *Hubbard* case by saying that in that case the mortgage was duly recorded in the State where it was executed and where the property was at that time. In the *Hubbard* case it did not appear that for the instrument to be valid it had to be recorded, so I cannot see how the record of the instrument in another State could make any difference if it was a valid paper between the parties without such recording. The reference in the headnote to the mortgage having been duly recorded in another State is immaterial when the opinion is not based on such a fact. It may be that the court in the *Smith Motor Car Co.* case overlooked the fact that the mortgage which was foreclosed in *Armitage-Herschell Co. v. Muscogee Real Estate Co.*, 119 *Ga.* 552 (46 S. E. 634), was a Georgia second mortgage and not the out-of-State mortgage. I think that one holding an out-of-State mortgage, etc., has the option of foreclosing it within six months or of taking some action on it such as foreclosing it or bringing trover. This is certainly as good a notice as recording the instrument, and the fact that it is not properly attested could not make much difference as the instrument could be probated or put in such shape as to entitle it to record before the expiration of the six-months limit. (On the fourth page, not num-

bered, of the 76 *Ga. Rep.* there appears the following note: "By the act of 1866 (section 4270 of the Code), the decisions of the Supreme Court are required to be announced by written synopses of the points decided. The decisions thus announced are published as the opinions of the Justices delivering them, the head-notes generally being made by the Reporter. Where head-notes are made by the Court, it is so stated.")