39673. ASSOCIATES DISCOUNT CORPORATION v.
LINDSEY CHEVROLET COMPANY.

DECIDED FEBRUARY 4, 1963—REHEARING DENIED
MARCH 5, 1963.

*Walton Hardin*, for plaintiff in error.

*Lawson E. Thompson*, contra.

FRANKUM, Judge. 1. When a retention-of-title contract is
executed by a nonresident for the purchase price of personal

property which is bought and delivered in another state and which property is thereafter brought into this state, the retention-of-title contract must be recorded in the county where the property is located within six months after the property was brought into this state, in order to constitute constructive notice to third parties, and if so done, the recordation relates back to the time when the property was brought into this state. *Code* § 67-108 and *Code Ann.* § 67-1403; *Jones v. Andrews,* 89 Ga. App. 734 (81 SE2d 304); *Morris Plan Bank v. Ginn,* 56 Ga. App. 681 (193 SE 783); *Evans Motors of Ga. v. Gump Finance Co.,* 80 Ga. App. 836 (57 SE2d 506); *Hampton v. Universal Credit Co.,* 59 Ga. App. 568 (1 SE2d 753); *Armitage-Herschell Co. v. Muscogee Real Estate Co.,* 119 Ga. 552 (46 SE 634). And it makes no difference that the retention-of-title contract was probated after the personal property was brought into this state and subsequently to the time the property was sold to a person claiming to have been an innocent purchaser, so long as the contract was recorded within six months after the property was brought into this state. *Burgsteiner v. Street-Overland Co.,* 30 Ga. App. 140 (117 SE2d 268). See *Simmons v. Springfield Atlantic Bank,* 90 Ga. App. 263, supra.

The burden was on the plaintiff to prove that its retention-of-title contract was timely and properly recorded. Under the circumstances above described it was incumbent upon the plaintiff to prove that the retention-of-title contract was recorded in the county where the property was located and that the property held as security was brought into this state within six months immediately prior to the time the retention-of-title contract was recorded. See *Continental Nat. Bank v. Short,* 101 Ga. App. 304 (113 SE2d 491). In the instant case we find no evidence of probative value showing when the property in question was brought into this state. Thus the plaintiff failed to prove that the property in question was brought into this state within six months prior to the time the retention-of-title contract was recorded. Accordingly, the evidence was insufficient to make an issue for the jury, and the court did not err in directing a verdict for the defendant.

2. Special grounds 1 and 2, respectively, assign as error the

exclusion from evidence of a document entitled "Motor Vehicle Certificate of Title State of Florida," issued by the Motor Vehicle Commissioner of the State of Florida to William J. Caron on July 29, 1959, and a document entitled "Florida Automobile Registration." The court did not err in excluding these documents because they were not relevant on the question of whether or not the contract had been properly recorded under the laws of Georgia. See *Burgsteiner v. Street-Overland Co.*, 30 Ga. App. 140, supra; *Simmons v. Springfield Atlantic Bank*, 90 Ga. App. 263, supra.

The plaintiff contends that the document entitled "Florida Automobile Registration" was admissible as a circumstance to show that the vehicle was in Florida on January 11, 1961, since such registration was issued on that date and therefore it would necessarily follow that the vehicle was brought into Georgia thereafter (hence evidence to show the vehicle was brought into Georgia within six months prior to the time the contract in question was recorded). We do not reach this point because the purported document was properly excluded from evidence due to the fact that it was not authenticated properly so as to make it admissible in evidence. *Code* § 38-630; *Bankers Health &c. Ins. Co. v. Nichols*, 44 Ga. App. 536 (162 SE 161).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

ON MOTION FOR REHEARING.

It is contended in the motion for a rehearing that this court overlooked the testimony of W. M. Vining on direct examination wherein he stated in response to the question: "Had Mr. Sutton been in the State of Georgia as long as six months?", that "No he could not have been." However, this witness' testimony on cross-examination shows that this statement by him was pure conjecture and speculation based on the fact that he had seen an owner's identification card for the automobile dated in November of 1960. The contention of the movant completely ignores the fact that the witness testified on cross-examination that as a matter of fact he did not know where Sutton was; that Sutton was "a skip;" that Associates Discount Corporation could not find him, and that they did not know where he was. This testimony on cross-examination showed unequivocally that

this witness, in testifying as he did on direct examination, and as pointed out in the motion, did not have knowledge of the facts to which he testified.

The evidence introduced in this case to support the plaintiff's theory that the automobile had not been in the State of Georgia more than six months at the time the conditional-sale contract was probated and recorded was wholly circumstantial, and was as consistent with the fact that the automobile and the owner had been in Georgia more than six months as with the fact that they had not been in Georgia six months. Under these circumstances the evidence was wholly insufficient to prove this essential element of the plaintiff's case. *Georgia R. &c. Co. v. Harris*, 1 Ga. App. 714 (1) (57 SE 1076); *Armour & Co. v. Gulley*, 61 Ga. App. 414, 420 (6 SE2d 165).

*Rehearing denied.*